Howry, Judge,
delivered the opinion of the court:
This is an action by an assistant surgeon on the retired list of the army^ claiming the difference between the pay received 1031" him in the rank of first lieutenant of cavalry and the pay alleged to be due to him in the rank of captain.
Plaintiff was appointed assistant' surgeon with the rank and pay of first lieutenant from date of appointment until the expiration of five years from the date of commission, when he began to draw pay as captain on the active list. He was also given the retired pay of a captain of over five years’ service for a short time. The third finding lends emphasis to the right of pay in the rank of captain by operation of law by reason of the lapse of the statutory period of service of five shears according to the practice of the War Department. Thus, this departmental construction gave effect to the amount of pay according to the rights pertaining to seniority and length of service.
Afterwards, on the recommendation of a retiring board, he was relieved by general orders on account of neurasthenia of the cerebral type — the neurasthenic kind of brain storm that leads to insensibility and from which sometimes there is said to be no return.
But since the order plaintiff has been paid as first lieutenant. His contention is that having served five years he is entitled to have his pay calculated upon the basis of the amount he was drawing as captain when the order took effect. Defendants contend that the decision of the retiring board which passed upon the case is in the nature of a recommendation ineffective until approved by the President, but conclusive when so approved. On the merits it is contended that the pay of an. officer retired from active service being *85 pay rank upon which the retirement is had, the officer’s status is governed by that section of the law which declares 75 per cent of the pay of the rank of retirement; and, as plaintiff was retired with the rank of first lieutenant of cavalry, there can be no recovery for more pay (8 Comp. Dec., 872).
Executive orders only accomplish retirement under the army regulations as they apply to particular cases and when not in conflict with the law. Nor are administrative decisions generally intended by those responsible for them to do more. As said by Mr. Justice Miller in a revenue case (107 U. S., 411), “it is the law which gives the right;” and here it is the law which fixes the officer’s status and consequent pay and not the recommendation of a retiring board, even though supplemented by orders which have met the approval of the President.
In Medburyv. (173 17. S., 497) where the construction of an act was under consideration, the court speaking by Mr. Justice Peckham, said:
were any disputed questions of fact before the Secretary, his decision in regard to those matters would probably be conclusive, and would not be reviewed in any court. But where, as in this case, there is no disputed question of fact, and the decision turns exclusively upon the proper construction of the act of Congress, the decision ox the Secretary refusing to make the payment is not final, and the Court of Claims has jurisdiction of such a case.”
the recognition of an officer’s rank by the head of the administrative department is an essential condition to the officer’s right to receive the pay of that rank can best be determined by observing the distinction between office and rank. Pay always follows rank. But rank is not an office. Thus, in Wood v. United States (15 C. Cls., 151) it was held that rank was often used to express something different from office and that Wood’s retirement with the rank of major-general under an act authorizing it did not make him a major-general. He remained a colonel of cavalry, to which office he had been appointed, and he acquired new and higher rank by the act which authorized his retirement. On appeal the Supreme Court affirmed the decision of this court *86 (107 U. S., 414), holding that General Wood, though in office as a colonel, could not retire with the rank of major-general, because the statute did not confer on him that office, but that he remained in the office of colonel. Nevertheless he acquired a higher rank and higher pay as a retired officer. In Hawkins v. United States (40 C. Cls. R. 110) this court found that Hawkins had been an assistant surgeon with the rank of captain in the militia of Indiana and that his regiment volunteered for service in the war with Spain. Both War and Treasury departments recognized him as an assistant surgeon of the rank only of first lieutenant under the act of Congress of 1874. It was contended that an act (30 Stats., 362) which authorized the enrollment of militia regiments made Hawkins an officer of the same grade in the service of the United States as that held by him in the militia. Regardless of departmental recognition this court held that he could recover pay in the grade to which he was entitled to claim by law. Other cases in this and in the court of last resort sustain the proposition that grade or rank is granted by Congress and the pay given by law is an incident to the rank so granted which the court can allow without regard to departmental, recognition. (Leopold v. United States, 18 C. Cls., 546; Redgrave v. United States, 20 ibid., 226; Perkins v. United States, ibid., 438; 116 U. S. R., 474, 483.)
Having jurisdiction to adjudge pay to an officer regardless of the refusal of the head of the administrative department to recognize him in the office which he holds, the differences between the contentions of the parties will best be understood by reference to the Revised Statutes and regulations pertaining to the subject, and which must govern the result.
“ Sec. 1251. When a retiring board finds that an officer is incapacitated for active service and that his incapacity is the result of an incident of service, and such decision is approved by the President, said officer shall be retired from active service and placed on the list of retired officers.
“ Sec. 1254. Officers hereafter retired from active service shall be retired upon the actual rank held by them at the date of retirement.
*87 “ Sec. 1261. The officers of the army shall be entitled to the pay herein stated after their respective designations:
“ ‘ Captain, mounted: Two thousand dollars a year.
$$$$$$$
“ ‘ First lieutenant, mounted: Sixteen hundred dollars a year.’
* $ H* H* $ ‡ $
“ Sec. 1262. There shall be allowed and paid to each commissioned officer below the rank of brigadier-general, including chaplains and others having assimilated rank or pay, ten per centum of their current yearly pay for each term of five years of service.
“ Sec. 1274. Officers retired from active service shall receive seventy-five per centum of the pay of the rank upon which they are retired.
“ Sec. 1212. * * * no officer shall be addressed in orders or official communication by any title than that of his actual rank.”
Act of June 23, 1874, section 4 (18 Stats., 244):
“ That the Medical Department of the Army shall hereafter consist of * * * one hundred and fifty assistant surgeons, with the rank, pay, and emoluments of lieutenants of cavalry for the first five years’ service, and with the rank, pay, and emoluments of captains of cavalry after five years’ service.”
Act of October 1, 1890, section 3 (26 Stats., 562):
“ That the President be, and he is hereby, authorized to prescribe a system of examination of all officers of the army below the rank of major to determine their fitness for promotion, such an examination to be conducted at such times anterior to the accruing of the right to promotion as may be best for the interest of the service; * * * And provided, That should the officer fail in his physical examination and be found incapacitated for service by reason of physical disability contracted in line of duty he shall be retired with the rank to which his seniority entitled him to be promoted.”
Act of July 27, 1892, section 2 (27 Stats., 276):
“ That before receiving the rank of captain of cavalry assistant surgeons shall be examined under the provisions of an act approved October first, eighteen hundred and ninety, entitled ‘An act to provide for the examination of certain officers of the army, and to regulate promotions therein. ’ ”
The question is one of rank in the office. Plaintiff is an assistant surgeon and was duly appointed as such under the *88 act of June 23, 1874 (18 Stats., 244). By that act he became entitled to the rank, pay, and emoluments of lieutenant of cavalry for the first five years’ service, and with the rank, pay, and emoluments of captain of cavalry after five years’ service. No matter whether he was ever recognized as having the rank of captain or that of first lieutenant, he held in active service after five years the office of assistant surgeon, and in retirement it follows that he also holds the office of assistant surgeon, and that only. Having been appointed to that office his status was well defined to be a peculiarity with reference to change in rank under an act similar to that here. “Assistant surgeons under section 1168, B. S.,” said the Judge-Advocate-General, “ are the only officers in our army except lieutenants of engineers and ordnance in whose case promotion to a higher grade results by operation of law from mere duration of service and independently of any action by the appointing power.” (Digest of Opinions, 1901, par. 525.) In holding the office, the statute grants rank and pay of first lieutenant under certain conditions and rank and pay of captain under certain other conditions.
The act of October 1, 1890, supra, provides that the officer “ shall be retired with the rank to which his seniority entitled him to be promoted.” General Orders, No. 41, of 1897, carried this statute into effect by saying that an officer reported by a retiring board as incapacitated would be retired with the rank to which his seniority entitled him whenever a vacancy occurred that would otherwise result in promotion on the active list.
General Orders, No. 41, supra, opened the way under the statute for officers eligible for promotion under the act of 1890 to be examined for the promotion to which their seniority entitled them. Section 3 of the act authorized the President to prescribe a system of examination of all officers of the army below the rank of major to determine the matter of fitness, and this examination was directed to be conducted at such times anterior to the accruing of the right to promotion as might be best for the interests of the service. But there was a proviso that if the officer should fail in his physical examination, and be found incapacitated by reason *89 of physical disability contracted in the line of duty, the officer should be retired with the rank to which his seniority entitled him to be promoted. Plaintiff was examined previous to retirement by a retiring board under this proviso, and not by the examining board appointed specially for that purpose. The general order disclosed by the findings gives to the fact found by the retiring board respecting the officer’s physical disqualification the precise effect of a finding by the examining board. It seems to the court upon careful review of all the questions that the finding of the retiring board is the necessary equivalent of the only finding that could have been made by the board of promotion. The first and only thing that the board of promotion could have done, had the officer appeared in person before it, would have been to direct the officer to go before the retiring board and thus procure the necessary certificate of physical eligibility which in itself was the thing entitling him to be examined for promotion or to retirement in the senior rank if not qualified physically. Though the assistant surgeon was never commissioned in the rank of captain, a new commission was unnecessary on promotion in rank. The reason for this grows out of the difference between office and rank and pay, as heretofore explained. Rank, as well as pay of retired officers, we have seen, is entirely within the control of Congress. By way of further illustration of the consequences of this control and the technicalities affecting grades and pay, a medical director may have the relative rank of captain, impossible of promotion, however, to a higher place in the medical corps, but he may have a higher rank conferred upon him than that of captain and obtain the pay of the rank. (22 Opin. of Attorneys-General, 433.) The argument that the War Office did not look with favor upon the retirement of officers who served so briefly as this officer is beside the legal aspect of the matter and ought not to influence the result. Section 3 of the act of 1890, supra, defining the rights of promotion, provided retirement with the rank to which his seniority entitled the officer; and section 2 of the act of 1892, supra, gave the officer the rank of captain of cavalry when, under the provisions of the act of 1890, he was as an assistant surgeon examined by the retiring board, which was a preliminary essential in the ma *90 chinery in determining the status of the officer. The system of examination provided was designed to determine fitness for promotion. The advancement of assistant surgeons to the rank and pay of captains on the retired list was determined not by their fitness for promotion, but by their term of five years’ service. When incapacitated by reason of physical disability, they were necessarily retired by operation of law in that rank to which the officer’s seniority entitled him to be promoted if the physical disability was contracted in line of duty.
Free to admit that the questions involved are confused because of their technical character growing out of the distinctions between rank, .office, and pay, yet we are satisfied that the substantial right is with plaintiff. It is therefore ordered that the officer recover the sum of $1,878.25, that being the amount due as disclosed by the amended petition to this date, for which judgment will now be entered.