DowNet, Judge,
delivered the opinion of the court:
The plaintiff, who was retired from the Army on June 29, 1922, has been paid since retirement as a first lieutenant of more than five years’ service. His suit is to recover the difference between the pay received and that of a captain of more than five years’ service, to which he alleges he is entitled. The findings state fully his status and set out the order of retirement.
He was retired after examination by a retiring board convened under section 1246, R. S., and his retirement was specifically under section 1251, R. S. Section 1254, R. S., provides that “ officers hereafter retired from active service shall be retired upon the actual rank held by them at the date of retirement.”
Previous to his examination by the retiring board he had been examined by a promotion board under the act of October 1, 1890, 26 Stat. 562, and found “ not incapacitated for active service.” He was placed on the promotion list as eligible to the grade of captain, attained the seniority entitling him to promotion on November 2, 1921, was on March 3, 1922, nominated by the President to the Senate to be a captain from November 2, 1921, but his nomination was never confirmed by the Senate. It is only just to say that the failure of the Senate to confirm the nomination was apparently in pursuance of an adopted policy with refer *47 ence to promotions at that time, and not a reflection on plaintiff.
It is the contention that the plaintiff is now entitled to pay on the retired list as a captain because of the provisions of section 3 of the act of October 1, 1890, which, among other things, provides “that should an officer fail in his physical examination and be found incapacitated for service by reason of physical disability contracted in line of dhty he shall be retired with the rank to which his seniority entitles him to be promoted.” It is conceded that at the time plaintiff was retired his seniority entitled him to promotion to a captaincy. The question arises by reason of the fact that he was retired by virtue of the finding of a retiring board under section 1251, R. S., and not by virtue of the action of a promotion board under section 3 of the act of October 1, 1890.
Reference is made by the defendant to the act of June 30, 1922, 42 Stat. 722, forbidding promotions under stated circumstances, but we need not concern ourselves with that act since it became effective subsequent to plaintiff’s retirement and since it is >vell settled that the rank and pay of retired officers become fixed upon the date of their retirement and are governed by the law in force at the time.
The plaintiff relies largely upon the decision by this court in the case of Cloud, 43 C. Cls. 69, and if in principle this case is that case over again, as contended, this court must be regarded as committed to a conclusion on the question involved. But we do not so regard these cases. There is apparently a radical difference between the two cases and a difference which requires that this case be distinguished from the Gloud case.
There are some things said in the very able opinion in the Cloud case which would tend to support the plaintiff’s contention, but to the extent that they are susceptible to the interpretation put upon them it may be said that they were not necessary elements in the determination of that case and were not the propositions upon which that case was in fact decided.
There is some basis for the contention that the Gloud case holds that the finding of physical disability by a retiring *48 board created under section 1246, B. S., was the equivalent of a finding of disability by a promotion board under section 3 of the act of October 1, 1890, but it was not necessary so to hold in the determination of the Oloud ease, and when the opinion is carefully considered in its entirely we do not understand that the conclusion reached turned upon that proposition.
Cloud was an assistant surgeon. The law gave to assistant surgeons in the Army the rank of first lieutenant during the first five years of service and the rank of captain after the first five years of service. Cloud had had more than five years of service and by operation of law was entitled to the rank of captain at the time of his retirement. The opinion in the Oloud ease ably discusses the distinction to be drawn between “office” and “rank.” From this discussion it plainly appears that in Cloud’s case he continued to hold the “ office ” of assistant surgeon, which office was not changed at the expiration of five years, but that by operation of law and by reason of his five years’ service he attained, at the end thereof, to the “rank” of captain. If we apply, then, the stated principle that the rank ynd pay of a retired officer is fixed as of the date of his retirement and under the laws then in force, and in that connection bear in mind the provision of section 1254, B. S., which requires “that officers shall be retired upon the actual rank held by them at the date of retirement,” the conclusion is forced that Cloud was entitled to the retired pay of captain, because he actually and by operation of law had the rank of captain at the date of his retirement, and not because of the provisions of the act of 1890.
In the instant case the plaintiff could not attain the higher rank of captain by operation of law. It was in his case a different office from that which he held, an office to which he must be nominated by the President, as he was, but the nomination to which must be confirmed by the Senate, which it was not.
The two provisions of law — the one for retirement by virtue of the finding of a retiring board, and the other for retirement by virtue of the finding of a promotion board— are separate and distinct, and we find no manifest intention *49 in the» law itself that the one should be treated as the equivalent of the other. In some cases, as in this, it would seem that so treating the two provisions might serve the ends of justice, but there are other apparent reasons why the two provisions should operate differently. But however the law may operate, it is our province only to consider it as we find it, and, if unambiguous, to apply it as it is written.
The plaintiff was retired, as is specifically stated, under the sections of the statute referred to, and these sections required his retirement with the rank he then held.
This conclusion precludes a recovery.
Gkaíiam, Judge; Hay, Judge; Booth, Judge; and Campbell, Ghief Justice, concur.