Whalbx, Judge,
delivered the opinion of the court:
The plaintiff brings this suit to recover the difference between the pay of a sergeant and the pay to which a first sergeant is entitled after retirement.
The facts show that the plaintiff was appointed a sergeant and filed his application for retirement on the ground he had served over thirty years in the Army. After his application for retirement had been sent in, but before it had been approved, he was appointed a first sergeant. The records of the War Department show, and the Secretary of War has *181 certified to this court, that' at the time of his retirement the plaintiff was a first sergeant. Thereafter he was entitled to be paid the amount to which a first sergeant should receive from the date of his appointment to the day of his retirement and with nothing in the record to the contrary, it is a fair assumption he was paid as a first sergeant.
The act of 1890, 26 Stat. 504, provides:
“ That when an enlisted man has served as such thirty years in the United States Army or Marine Corps, either as private, noncommissioned officer, or both, he shall by application to the President be placed on the retired list hereby created, with the rank held by him at the date of retirement, and he shall receive thereafter seventy-five per centum of the pay and allowances of the rank upon which he was retired: * * *.”
And it is provided by the act of 1907, 34 Stat. 1217 — •
“ That when an enlisted man shall have served thirty years either in the Army, Navy, or Marine Corps, or in all, he shall, upon making application to the President, be placed upon the retired list with seventy-five per centum of the pay and allowances he may then be in receipt of and that said allowances shall be as follows: Nine dollars and fifty cents per month in lieu of rations and clothing and six dollars and twenty-five cents per month in lieu of quarters, fuel, and light: Provided, That in computing the necessary thirty years’ time all service in the Army, Navy, and Marine Corps shall be credited.”
The plaintiff' held the rank of first sergeant when he was retired and was under the act entitled to be “ placed on the retired list * * * with the rank held by him at the date of retirement ” and to be paid “ seventy-five per centum of the pay and allowances he may then be in receipt of.” There is no dispute that when he was placed on the retired list he was holding the rank of first sergeant and was receiving the pay of a first sergeant. The defendant contends that a circular of instructions to the Officers of the Army was violated by the captain who promoted the plaintiff to first sergeant after his application for retirement had been sent in and that because the captain had not followed instructions the power vested in him to appoint his first sergeant had no validity. We can see no merit *182 in this contention. The captain under Army Regulations had the power to appoint his first sergeant, and the disobedience of a circular of administrative routine could bring upon the captain the discipline of the service but could in no way invalidate the appointment made by him. Especially is this true when the department acted upon the appointment with approval. The certificate of the Secretary of War shows—
“He reenlisted August 13, 1913, at Fort Worden, Washington, and he was retired, December 9, 1914, at Fort Casey, Washington, as a 1st sergeant (italics ours), 108th Company Coast Artillery Corps, per paragraph 4, Special Orders No. 284, A.G.O., of 1914.”
The plaintiff is entitled to recover the difference in retired pay between that of a sergeant and a first sergeant within the statutory limitations which we have determined to- be $3,803.37. It is so ordered.
Williams, Judge; Littleton, Judge; and GreeN, Judge, concur.
Booth, Chief Justice, took no part in the decision of this case on account of illness.