Whaley, Judge,
delivered the opinion of the court:
After thirty years of active service, as an enlisted man in the Army, Wilmer Blackett, the plaintiff, holding the rank or grade of master sergeant, made application to the President for retirement on September 25, 1926, through proper channels, under the act of March 2, 1907, 34 Stat. 1217, which reads as follows:
“That when an enlisted man shall have served thirty years either in the Army, Navy, or Marine Corps, or in all, he shall, upon malcing application to the President, be placed upon the retired list, with seventy-five per centum of the pay and allowances he man/ then be in receipt of, and -that said allowances shall be as follows: * * *.” [Italics ours.]
The application was referred by The Adjutant General to the Commanding General on October 20, 1926, or one month and five days after it had been made. The Commanding General reported the plaintiff had committed an offense involving moral turpitude more than a year before *890 and as a, punishment for the offense had been reduced from first sergeant to - private and this reduction in grade had been considered sufficient at that time for the offense committed but plaintiff had been raised since to master sergeant; that to refuse plaintiff retirement with the grade of master sergeant would be double punishment; to try him again for the same offense would be placing him in double jeopardy; that plaintiff had seven discharges with “excellent” character and that his character was “good” when transferred to the 17th Infantry; that he had been a sergeant for seventeen years and a first sergeant for seven years; that the Commanding Officer of the 17th Infantry certified to his ability to perform the duties of a master sergeant and that he held a reserve commission as Captain, A. G. D. However, as he had been guilty of the offense involving moral turpitude, it was considered unwise to depart from the custom of not retiring an enlisted man as master sergeant with a blemished record or character because of the “effect” of such action upon the “morale of the Army.” A recommendation was made that plaintiff “be reduced to first sergeant” and retired. However, this recommendation was not followed by the Department. Subsequently, on December 16, 1926, the plaintiff was, by order of the Commanding Officer of the 7th Corps Area to the Commanding Officer of the 17th Infantry, reduced from the rank of master sergeant to the grade of private, first class “in which grade he will be retired.”
As a result of this departmental or administrative action, five days after the issuance of this order to the plaintiff, he addressed a letter to The Adjutant General (through proper military channels) requesting the withdrawal of his request for retirement which had been submitted on September 25, 1926, and that he be allowed to remain on the active duty status. This request was approved by the Secretary of War on December 28, 1926.
The act gives no discretion to the President. If no discretion is placed by Congress in the Commander-in-Chief of the Army and Navy, certainly none can be read into the act for any subordinate officer. Character and conduct of *891 the applicant during the thirty years cannot be considered. The fact that the enlisted man has served for so long a period in the Army was considered sufficient by Congress to give him a right to retire in the grade in which he v?as then serving. The presumption is that were he an unworthy character or his conduct detrimental to the service he could not have served for that period of years. The right granted by Congress was without condition and absolute. ' No, rule or regulation of the Department could circumscribe or impair it, and any action, which placed conditions on retire-1 ment or attempted to select the grade in which retirement was granted, was without warrant of law.- The reduction in grade to private and consent to retirement in that grade was arbitrary and illegal. The withdrawal of the application by the enlisted man after being placed in the grade of private was made under coercion and duress.' Humiliation is one of the worst forms of duress. In the eyes of the law it was a nullity. The enlisted man applied to be retired when he was a master sergeant and the Department gave consent for the retirement as a private; The law fixed the grade upon which he should retire. It gave no authority to anyone for any cause whatsoever to designate the grade after application had been made to the President. Compensation during retirement followed the grade. No official approval was necessary.
The words of the act are plain, and their meaning simple. The act imposed an imperative duty and not a discretionary power. The department has- read into the act discretionary powers and has assumed the right to permit retirement and to select the grade in which retirement is permitted. The act confers no such powers on the President. A reasonable time to ascertain the duration of service is allowable. Four months’ delving into the character and'past conduct of the applicant is unreasonable when the length of service was known and admitted. The order of December 16, 1926, permitting him to retire had the effect of retiring him and the grade in which he was entitled to be retired was that in which he was serving when the application was made. Cloud v. United States, 43 C. Cls. 69; Medbury v. United States, 113 U. S. 497. The facts show a capricious and ar *892 bitrary assumption of powers by officers of the ment over an enlisted man which has no basis.in law.
In our opinion, the retirement had taken effect before its withdrawal and its withdrawal was under duress. The plaintiff has been deprived of a legal right granted by Congress and is entitled to redress by this court.
The plaintiff served as master sergeant and received the pay for that grade up to and including December 16, 1926. From then, until May 29, 1929, he received for his services an amount which was $2,004.99 less than he would have received in retirement as a master sergeant.
Plaintiff is entitled to recover this difference. It is so ordered. ■ •
Williams, Judge; Littleton, Judge; GReen, Judge '; and Booth, Chief Justice, concur.