Whaley, Judge,
delivered the opinion of the court:
The plaintiff brings this suit to recover the difference between the retired pay and allowances authorized for a band leader and the retired pay and allowances received by him as a retired band sergeant from February 1, 1929, to date of judgment.
The plaintiff enlisted in the United States Army on December 16, 1898, and, after serving as an enlisted man in various Infantry Regiments and bands, he was appointed band sergeant on October 19, 1918, and band leader of the Fourth Coast Artillery Band on May 21, 1919. After his appointment as band leader and after serving more than thirty years as an enlisted man, he applied to the President for retirement. At the time of his application for retirement he was receiving and did receive the pay of a band leader. When his application was received by the *637 Adjutant General it was returned to the Commanding Officer on the ground that plaintiff was not competent to hold a position as band leader. The Commanding officer reported that plaintiff was competent to perform the duties of a band leader and because of his competency he was promoted to that rank.
On June 27, 1919, the Adjutant General by order of the Secretary of War returned plaintiff’s application for retirement recommending revocation of the order promoting him to band leader, and on July 2, 1919, the warrant appointing plaintiff band leader was revoked retroactive to May 21, 1919. Subsequently plaintiff’s application for retirement as band leader was changed by the War Department to show application for retirement as band sergeant and on July 9, 1919, plaintiff was placed on the retired list as a band sergeant.
This claim is made under the provisions of the act of March 2, 1907, 34 Stat. 1217, which reads as follows:
That when an enlisted man shall have served thirty years either in the Army, Navy, or Marine Corps, or in all, he shall, upon making application to the President, be placed on the retired list, with seventy-five per centum of the pay and allowances he may then be in receipt of, and that said allowances shall be as follows: * * *.
It is admitted that the plaintiff was an enlisted man and had served thirty years and that at the time he made application to the President he was duly and legally appointed band leader and was paid the compensation provided by statute for a band leader from May 21 to June 30, 1919. Plaintiff’s application was made on May 29, 1919, and therefore was within the period when he was performing the duties of a band leader and receiving the compensation •of a band leader.
This court had occasion to consider the same act in a recent case which is basically similar to the present case. In Blackett v. United States, No. 42047, decided November 4, 1933 (81 C. Cls. 884), we held:
The act gives no discretion to the President. If no discretion is placed by Congress in the Commander-in-Chief of the Army and Navy, certainly none can be *638 read into tbe act for any subordinate officer. * * * The fact that the enlisted man has served for so long a period in the Army was considered sufficient by Congress to give him a right to retire in the grade in which he was then serving. * * * The right granted by Congress was without condition and absolute. No rule or regulation of the Department could circumscribe or impair it, and any action which placed conditions on retirement or attempted to select the grade in which retirement was granted, was without warrant of law. * * * The enlisted man applied to be retired when he was a master sergeant and the Department gave consent for the retirement as a private. The law fixed the grade upon which he should retire. It gave no authority to anyone for any cause whatsoever to designate the grade after application had been made to the President. Compensation during retirement followed the grade. No official approval was necessary.
The words of the act are plain, and their meaning simple. The act imposed an imperative duty and not a discretionary power. The Department has read into the act discretionary powers and has assumed the right to permit retirement and to select the grade in which retirement is permitted. The act confers no such powers on the President. A reasonable time to ascertain the duration of service is allowable. Four months’ delving into the character and past conduct of the applicant is unreasonable when the length of service was known and admitted. The order of December 16, 1926, permitting him to retire had the effect of retiring him and the grade in which he was entitled to be retired was that in which he was serving when the application was made. Cloud v. United States, 43 C. Cls. 69; Medbury v. United States, 173 U. S. 497. The facts show a capricious and arbitrary assumption of powers by officers of the War Department over an enlisted man which has no basis in law.
As held in the Blackett case neither the President nor any subordinate officer of the War Department has the right to select the grade in which retirement is permitted. The law which grants plaintiff the right to retire also fixes the retirement compensation as three-fourths of the pay and allowances he is receiving at the time of his application for retirement to the President.
The plaintiff is entitled to recover. Judgment will be suspended to await the coming in of a report from the *639 General Accounting Office showing the amount due the plaintiff for the period from February 1, 1929, to the date of judgment. It is so ordered.
Williams, Judge; LittletoN, Judge; GeeeN, Judge; and Booth, Chief Justice, concur.