Whaley, Chief Justice,
delivered the opinion of the court:
This action is brought for the purpose of recovering the difference between the retired pay of a first sergeant and that of a master sergeant of the Army.
Plaintiff filed two applications for retirement. The first was made before he had served thirty years and the second after he had been reduced from master sergeant to private and then promoted to first sergeant. The action is based on the act of March 2, 1907, 34 Stat. 1217, 1218, which provides:
That when an enlisted man shall have served thirty years in the Army, Navy, or Marine Corps, or in all, he shall, upon making application to the President, be placed upon the retired list, with seventy-five per centum of the pay and allowances he may then be in receipt of * * *.
When plaintiff first made his application for retirement, he had not served thirty years. When he was notified of *321 this fact and also that he had been demoted from master sergeant before the thirty years had been served, he withdrew his application and was a sergeant when the period provided in the statute entitled him to retire. Plaintiff was afterwards promoted from sergeant to first sergeant and while serving in this capacity he made a second application for retirement. When this second application was made, he had served thirty years and the right given to him in the statute had vested. He was, therefore, entitled to be retired with three-fourths of the pay and allowances which he was then receiving and plaintiff was retired as a first sergeant and has been receiving the pay and allowances provided for in this grade.
It will be seen that this case differs from the cases of Blackett v. United States, 81 C. Cls. 884; Standerson v. United States, 83 C. Cls. 633; and Holub v. United States, 85 C. Cls. 701. In these cases the thirty years’ service had been attained before application was made and it was held in these cases that the plaintiff had a right to retire upon making application for retirement and no demotion could prevent him from receiving the pay and. allowances provided for in the grade in which he was serving at the time the application for retirement had been made to the President. The act grants an enlisted man a right which could not be circumscribed by anyone or in any way after the thirty years had been served.
In the instant case, the right to retire had not become vested when plaintiff made his first application. When the right did mature, he was serving in the grade of sergeant and no application was pending, the first one having been withdrawn. When the second application was filed, the right had vested in him, under the statute, to be retired in the grade he was then serving, which was first sergeant and not master sergeant, and he was entitled to be retired only with the pay and allowances of that grade.
Plaintiff was retired and has received the pay and allowances in the grade in which he was serving at the time of the filing of his only existing application, and is entitled to nothing more.
*322 There can. be no recovery. The petition is dismissed. It is so ordered.
Williams, Judge; Littleton, Judge; and Green, Judge, concur.
Whitaker, Judge, took no part in the decision of this case.