Whaley, Chief Justice,
delivered the opinion of the court:
This action is brought for the purpose of recovering the difference between the retired pay of a first sergeant and the retired pay of a sergeant in the Army.
Under the act of March 2, 1907, 34 Stat. 1217, the plaintiff had the absolute right when he had served thirty years, upon making application to the President, to be “placed on the retired list, with seventy-five per centum of the pay and allowances he may then be in receipt of.” It has been frequently and repeatedly held by this court that this right of retirement is not subject to any discretion on the part of any superior officer, not even the Commander-in-Chief. As was said in the Blackett case, 81 C. Cls. 884, 891, “the right granted by Congress was without condition and absolute.”
Plaintiff filed a proper application for retirement on October 9, 1914, when he was holding the rank of first sergeant. He had on that date served 29 years, 11 months, and 4 days.
The application was approved by the The Adjutant General on December 1, 1914, it being stated in the order of approval that the records of the department showed plaintiff had a total of 30 years and one month to his credit as of December 1, 1914. The facts show, however, that plaintiff became eligible for retirement on December 6, 1914.
Having completed thirty years’ service on December 6, 1914, the right of retirement became vested in plaintiff and he was entitled to be retired as of that date. At that time he was holding the rank of first sergeant and, under the terms of the statute was, therefore, entitled to the retired pay of that grade.
The fact that other events took place after plaintiff’s right of retirement had become absolute cannot affect that vested right. The Commanding Officer of the department, in reviewing the findings and sentence of a court martial in January 1915, held that “the findings and sentence are not in accord”; and he disapproved the findings and limited the sentence to demotion from first sergeant to sergeant, which *506 he held “after his unusually long and faithful service is considered sufficient punishment for the offenses of which he was guilty.” But the plaintiff had already been retired as first sergeant and while a retired soldier in certain cases is still subject to court martial, the reduction in rank was not in this case within the power of the court martial or of the commanding general. Nor was the order of his commanding officer, on February 9, 1915, retiring plaintiff as sergeant of any effect, since the retirement of a soldier after thirty years of service is not within the discretion of his Commanding Officer, nor does such officer have the authority to fix the grade or rank at which a soldier may retire, or to affix any other condition to such retirement. Under the express terms of the statute he retires in the grade in which he is serving at the time the application is made and the right has vested. The mere fact that the plaintiff, being on foreign service, was not immediately notified of his retirement and certain military actions were taken before the retirement order was received by his Commanding Officer in. China, cannot affect or abridge the right given by Congress and which was effective during this period.
The plaintiff is entitled to recover for the difference between the retired pay and allowances he would have received as a first sergeant and the pay and allowances received by him as a sergeant on the retired list for the period not barred by the statute of limitations, Judicial Code, Sec. 156, namely, from January 1, 1932. The claim is a continuing one.
Entry of judgment will be suspended to await the coming in of a report from the General Accounting Office showing the amount due in accordance with this opinion. It is so ordered.
Williams, Judge; Littleton, Judge; and Green, Judge, concur.
Whitaker, Judge, took no part in the decision of this case.