Green, Judge,
delivered the opinion of the court:
The plaintiff, Everett E. Wright, brings this action to recover the difference between the pay authorized for a paymaster sergeant after transfer to the Fleet Marine Corps Eeserve with 20 years’ service in the United States Marine Corps, and the pay received by him as staff sergeant after such transfer, for the period (not barred by the Statute of Limitations) from February 1, 1932, to September 30, 1937, the date on which he was retired, and for the difference between the retired pay authorized for a paymaster sergeant so transferred to the Fleet Marine Corps Eeserve and the pay received by him as a staff sergeant on the retired list from October 1, 1937, to the date judgment is rendered in the case.
Plaintiff served continuously for more than 21 years in the United States Marine Corps. During this period of service he was promoted through successive grades and on June 1, 1928, received a probationary appointment as paymaster sergeant to fill a vacancy. This appointment was confirmed by the Major General Commandant on December 7, 1928.
*463 On December 21, 1928, after having completed more than 20 years’ active service in the United States Marine Corps and while serving in the grade of paymaster sergeant and receiving the pay and allowances of such grade, plaintiff requested in writing that he be transferred to Class II (d), Fleet Marine Corps Eeserve, with the rank of paymaster sergeant. This request was refused.
■ On January 5,1929, the plaintiff was advised by the Major General Commandant that he was reduced from the grade of paymaster sergeant to the grade of staff sergeant, effective January 7, 1929. Thereafter, the plaintiff was asked if he still desired transfer to the Fleet Marine Corps Eeserve. He replied that he was desirous of such transfer at the earliest practicable date.
On January 22, 1929, plaintiff was transferred with the rank of staff sergeant to Class II (d), Fleet Marine Corps Eeserve, in which status he continued until September 30, 1937, when he was placed on the retired list of the Fleet Marine Corps Eeserve with the rank of staff sergeant.
The theory upon which plaintiff brings this suit is that under the law he was entitled to receive payment, when retired, upon the basis of his rank on the date of his application, which was December 21, 1928, when he had the grade of paymaster sergeant. The defendant on the contrary contends the plaintiff’s status was fixed after his reduction in rank and when he was actually transferred on January 22, 1929, with the rank of staff sergeant.
Plaintiff’s rights depend upon the act of February 28,1925 (43 Stat. 1080, 1087), which with reference to transfers to the Fleet Naval Eeserve, provides that “when so transferred shall * * * be entitled to receive * * * pay at the rate of one-half of the base pay they are receiving at the time of transfer * * [Italics supplied.! We think this statute is clear and definite. At the time of the transfer of the plaintiff he had been reduced to the rank of staff sergeant, and as he has received pay on that basis he is not entitled to recover anything further.
Our conclusion as above stated is strengthened by consideration of the act of May 23, 1930 (46 Stat. 375). This statute governs all transfers heretofore or hereafter made by *464 the Navy Department. The plaintiff’s claim begins with February 1, 1932, the earliest date not barred by the ■statute of limitations. The statute of 1930 provides that “all transfers of members of the Fleet Naval Reserve or Fleet Marine Corps Reserve to the retired list heretofore or hereafter made by the Navy Department shall be conclusive for all purposes,” and further provides that all persons so transferred “shall from date of transfer be entitled to pay and allowances in accordance with their ranks or rating and length of service as determined by the Navy Department at time of transfer.” If there is any doubt as to the intention of Congress when it passed the act of 1925 it is made plain by the provisions of the act of 1930 which clarified the law. Our conclusion is that the defendant’s officials have proceeded in accordance with the statutes ■applicable in cases like the one at bar and that plaintiff’s rights have not in any way been infringed.
The plaintiff relies on the cases of Blackett v. United States, 83 C. Cls. 884, and Standerson v. United States, 83 C. Cls. 633. Both of these cases involved retirement pay under the act of March 2, 1907,[1] which gave the plaintiffs the absolute right to be retired in the grade occupied at the time of application to the President. The statutes which control the instant case are so different in provisions that the holding in the two cases last cited has no application.
There is some discussion in argument with reference to the reason or cause of the demotion of plaintiff from paymaster sergeant to staff sergeant but this is entirely immaterial to the decision of the case which must be controlled by the applicable statutes.
It follows from what has been said above that plaintiff’s petition must be dismissed and it is so ordered.
Littleton, Judge; and Whaley, Chief Justice, concur.
Whitakek, Judge, took no part in the decision of this case.

 The act of March 2, 1907, 34 Stat. 1217, provides: “That when an enlisted man shall have served thirty years either in the Army, Navy, or Marine Corps, or in all, he shall, upon making application to the President, be placed upon the retired list, with seventy-five percentum of the pay and allowances .'he may then be in receipt of * * * ”