Littleton, Judge,
delivered the opinion of the court:
The facts in this case show that prior to the filing by the plaintiff of an application for retirement as a first sergeant on September 17,1926, he had to his credit over thirty years of active military service, which term of service entitled him under the existing applicable statute to retirement with 75 percentum of the pay and allowances he was then receiving. Plaintiff served as private and in various other capacities to which he was duly and regularly promoted until he reached and was duly promoted to the rank of first sergeant on September 17, 1926, and he served in that capacity until he had duly and regularly acquired credit for thirty years of active military service, and subsequently. No charges of any kind were ever preferred against plaintiff and he was-not demoted in grade for any reason specifically authorized by law or by Army Regulations.
The uncontroverted facts show that on November 20, 1926, while plaintiff was regularly serving in the grade of first sergeant and had to his credit more than thirty years of active military service, he duly and regularly made application pursuant to the act of March 2, 1907, 34 Stat.. 1217, for retirement in the rank of first sergeant to which he had theretofore been duly promoted on September 17, 1926. After plaintiff had made proper application for retirement to the appropriate authority some officer of the War Department altered the application as set forth in finding 2, without plaintiff’s knowledge or consent, to conform to an action taken in the War Department on December 1, 1926, of arbitrarily reducing, plaintiff to the rank of private and promoting him to the grade of sergeant oh the same day. This action of demoting plaintiff from first sergeant to sergeant was taken by the War Department *152 solely for the purpose of preventing plaintiff from receiving* the retired pay and allowances of a first sergeant, in which grade plaintiff was serving at and prior to the date on which he made application for retirement and at the time he had completed thirty years’ service. In these circumstances we are of opinion that under the provisions of the Act of March 2, 1907, supra, plaintiff is entitled to recover the unpaid allowances claimed as was held by this court in Blackett v. United States, 81 C. Cls. 884; and followed in Standerson v. United States, 83 C. Cls. 633; Holub v. United States, 85 C. Cls. 701; Bale v. United States, 89 C. Cls. 532; Commings v. United States, 89 C. Cls. 498, and Dene v. United States, 89 C. Cls. 502.
The plaintiff in the Blackett case made application for retirement in the grade of master sergeant after having completed thirty years of service and the War Department thereafter reduced him to a lower grade and retired him as a private. In holding that Blackett was entitled to three-fourths of the pay and allowances of a master sergeant and that he was entitled to recover the difference between the retired pay and allowances of such grade and the retired pay and allowances of a private which had been paid to him, this court said at page 891:
* * * The enlisted man applied to be retired when he was a master sergeant and the Department gave consent for the retirement as a private. The law fixed the grade upon which he should retire. It gave no authority to anyone for any cause whatsoever to designate the grade after application had been made to the President. Compensation during retirement followed the grade. No official approval was necessary.
The words of the act are plain, and their meaning simple. The act imposed an imperative duty and not a discretionary power. The Department has read into the act discretionary powers and has assumed the right to permit retirement and to select the grade in which retirement is permitted. The act confers no such powers on the President. * * * the grade in which he was entitled to be retired was that in which he was serving when the application was made. Cloud v. United States, 43 C. Cls. 69; Medbury v. United States, 173 U. S. 497. The facts show a capricious and arbitrary *153 assumption of powers by officers of tbe War Department over an enlisted man which has no basis in law.
In the case at bar, the attorney for the defendant argues that the decisions of this court in Blackett v. United States, and the other cases cited, supra, were erroneous and should be reversed. This contention is based on the claim that the act of March 2, 1901, supra, which provides “when an enlisted man shall have served thirty years either in the Army, Navy, Marine Corps, or in all, he shall, upon making application to the President, be placed on the retired list, with seventy-five per centum of the pay and allowances he may then be in receipt of, * * *” entitled plaintiff only to the retired pay and allowances of a sergeant, to which grade he had been demoted by some officer in the War Department after he had made his application for retirement, but before such application was approved by the President, for the reason that the grade in which he was placed on the retired list is controlling. In other words, counsel for defendant contends that after an enlisted man has served thirty years and has made application to the President to be placed on the retired list in the grade in which he is then serving the words of the statute, that such enlisted man “shall be placed on the retired list, with seventy-five per centum of the pay and allowances he may then be in receipt of,” mean such retired pay and allowances as may be provided by law for a grade in which such enlisted man is placed on the retired list, even though that grade and the retired pay and allowances thereof may be below the grade in which he was serving and the pay he was receiving at and prior to the time he completed the necessary thirty years’ service and made his application to be placed on the retired list. We are of opinion that this contention is without rherit. In so contending defendant’s counsel relies entirely upon the language found in an act of February 14, 1885, 23 Stat. 305, as amended by an act of February 1, 1890, 26 Stat. 504, which provided that “when an enlisted man has served as such thirty years in the United States Army or Marine Corps, either as private or noncommissioned officer,, or both, he shall by application to the President be placed on the retired list hereby created, with the rank held by *154 him at the date of retirement, and he shall receive thereafter seventy-five per centum of the pay and allowances of the rank upon which he was retired,” and insists that the quoted language of the act of March 2, 1907, supra, has exactly the same meaning as the act of 1885, and that the retired pay and allowances of plaintiff must be those of the rank (sergeant) to which he was demoted after he had completed thirty years of service and had duly made application for retirement. The provisions of the acts of 1885 and 1907 both relate to the matter of retirement of enlisted men, but the language of the two acts with reference to retirement and retired pay is not the same, and the rights and privileges granted by the later enactment must control whether they are more or less favorable to the enlisted man concerned. We do not think that the provisions of the act of March 2,1907, are in any respect ambiguous but are positive and direct. In such circumstances, a supposed ambiguity may not be injected into such an act by reference to some different language in a prior statute. Where there is ambiguity and reasonable doubt as to the meaning of the provisions of a recent statutory enactment, resort may be had to the statute m pari materia for the purpose of resolving such ambiguity or doubt, but that rule should never be applied for the purpose of creating doubt as to the meaning of the later enactment and for the purpose of giving it the same construction to which the prior enactment might be susceptible. If Congress had intended that the provisions, of the act of March 2,1907, should be given exactly the same interpretation and application as the acts previously enacted in 1885 and in 1890, we think it is obvious that Congress, would not have made a change in the language but would have employed the same language which had been used in the earlier statutes, or such other language as would disclose that intention sufficiently clear not to be misunderstood., A change in language, other than merely for the purpose of clarification, is some evidence of a change in purpose which Congress intended to accomplish by such change in language. For all that appears in this record, the purpose which Congress had in mind and intended to accomplish by the language used in the act of 1907 may have been *155 to prevent the very thing that happened in the case at bar, in order that an enlisted man might not be arbitrarily deprived of the retired pay and allowances of which he was in receipt at the time he became entitled to retire and at the time he properly made application to the President for such retirement. We are certainly not justified in presuming that the use by Congress of language in the later enactment indicating an intent to accomplish a definite purpose had only the effect of creating an ambiguity. The provisions and history of the act of February 14, 1885, as amended by the act of 1890, supra, upon which counsel for defendant bases his contention in the case at bar, were fully briefed and discussed in plaintiff’s brief in the case of Blackett v. United States, supra, and that act and its history, in connection with the act of 1907 under which Blackett was retired, were duly considered by the court in reaching its conclusion, but, for the reasons hereinbefore stated in this opinion, we did not consider that the act of 1885 had any important bearing or controlling influence on the question presented and for that reason it was not discussed in the opinion. The purpose and intent upon which was founded the original and subsequent enactments of the provisions for retirement of enlisted men, as disclosed by the Committee Beports which accompanied the original act of 1885, are consistent with the language of the act of 1907 and the interpretation which we have placed on it. The Lieutenant General of the Army stated and recommended in 1884 to the 48th Congress, First Session, that “thirty years would be a proper period of service to authorize the retirement of a private soldier or a noncommissioned officer,” and Report No. 616, 48th Cong., 1st Sess., of the House Military Affairs Committee, recommended the passage of the bill which became the act of February 14, 1885, and stated that “Something is needed to give greater stability and better standing to the enlisted man in our military service. If he can feel that we have made proper provision for his old age he would be more likely to accept the monotonous life of the service contentedly.” The Senate Military Affairs Committee adopted the report of the House of Bepresentatives on the *156 bill and on behalf of this committee it was stated that “If we show, by an act of Congress, our determination to take care of these old men after they have honorably and faithfully served their country for that long time, it will be a great incentive to them to remain in the service.” In view of the purpose clearly intended to be accomplished by the enactment of the provisions giving enlisted men and noncom-missioned officers the right of retirement, we do not think that the meaning of the language of the act of 1907 is in any wise doubtful. The applicable provisions of the act of 1907 were intended for the benefit of enlisted men and to assure them that upon becoming eligible for retirement and upon making application to the President therefor they would receive 75 percentum of the pay and allowances they were in receipt of under the grade in which they were serving at the time of making such application. These provisions were enacted from motives of public policy and should not be narrowly construed. As was said in the opinion in the Blackett case “The words of the act are plain, and their meaning simple. The act imposed an imperative duty and not a discretionary power,” and neither the President nor any subordinate officer of the War Department has the right “to select the grade in which retirement is permitted.”
Plaintiff is entitled to recover the difference between the retired pay of a first sergeant and that of a sergeant, and judgment therefor will be entered in his favor upon' the filing of a report from the General Accounting Office showing the amount due for the period August 1932 to date of judgment. It is so ordered.
GeeeN, Judge; and Whaley, Chief Justice, concur.
Whitaker, Judge, took no part in the decision of this case.