GREEN, Judge,
delivered the opinion of the court:
The controversy in this case is whether an enlisted man in the United States Army, who has served thirty years, reached the grade of first sergeant and made application for retirement, can be demoted without cause and retired in the grade of sergeant.
This court has four times held that under the Act of 1907 (in force at the time) this cannot be done, as he had acquired under the statute a vested right of retirement of the grade he had reached when he made his application. See Blackett v. United States, 81 C. Cls. 884; Standerson v. United States, 83 C. Cls. 633; Dene v. United States, 89 C. Cls. 502; Hornblass v. United States, 93 C. Cls. 148. This ought to settle the question by itself but the defendant seeks to bring a new matter into the case by arguing that this ruling amounts to a repeal of the former statute and that Congress did not intend to repeal it.
So far as the question of repeal is concerned, the amended ■statute upon which the plaintiff relies (34 Stat. 1217, c. 2515) reads:
* * * That when an enlisted man shall have served thirty years either in the Army, Navy, or Marine Corps, or in all, he shall, upon making application to the President, be placed upon the retired list, with seventy-five per centum of the pay and allowances he may then be in receipt of, * * *
Section 2 of the same Act provides:
Seo. 2. That all Acts and parts of Acts, so far as they conflict with the provisions of this Act, are hereby repealed.
*526 The construction we have given to the statute follows its literal language and if it can be said to operate as a repeal in any respect of the law as it theretofore stood, Section 2 provides for it.
Defendant cites the case of LaForge v. United States, 77 C. Cls. 179. The only question raised and decided in this case was altogether different from the one we have before us. It was contended in that case that the Captain who promoted the plaintiff to first sergeant did not follow a circular of instructions which he had received; and because he had not done so, the power exercised- by him in appointing the plaintiff as first sergeant had no validity. In effect,, it was contended that the plaintiff was not in fact a first sergeant at the time he was retired, and consequently could not be retired in that grade; but the court held that the Captain under Army regulations had the power to appoint him first sergeant, and that while the disobedience of a circular of administrative routine might bring upon the Captain a discipline of the service it did not invalidate the appointment. The court quoted the certificate of the Secretary of War which showed that the plaintiff was retired as a first sergeant and upon this fact it based its judgment. We think the decision has no application to the case now under consideration.
The argument of defendant seeks to inject an ambiguity by reference to the former statute but as said in the opinion in the Hornblass case, supra, “a supposed ambiguity may not be injected into such an act by reference to some different language in a prior statute”. The whole subject is elaborately discussed in the Hornblass case, supra, and strong-reasons are stated for the construction then given which we-now follow.
To the reasons given in the Hornblass case, we might add that the construction sought by defendant would in many cases make the grade of retirement depend entirely upon the whim of the soldier’s or sailor’s superior officer, who> could by demoting him without cause or reason lessen the amount of his retirement pay. This would be very unjust to the enlisted man who had faithfully served the time required by Congress and earned by superior service his pro *527 motion to the grade in which he was retired. We do not think it reasonable to hold that Congress so intended. In the instant case, no cause is shown for the demotion of the plaintiff and no question arises with reference to the time when he was promoted. He was a first sergeant when retired and presumably in receipt of the pay of that grade.
The claim is a continuing one. The plaintiff is entitled to recover but his petition was not filed until December 12, 1938, which fixes the date from which his recovery will begin at December 12, 1932. Judgment in his favor will be entered upon filing a report from the General Accounting Office showing the amount due the plaintiff from December 12, 1932, to the date of judgment.
Littleton, Judge; and Whaley, OMef Justice, concur.
Jones, Judge, concurs in the result.