Madden, Judge,
dissenting:
I do not agree with the decision of the Court. I think that the court should return to the interpretation of the applicable statutes which was made in the case of La Forge v. United States, 77 C. Cls. 179. In that case, the plaintiff was a sergeant at the time he applied for retirement. Before his application was approved, he had been made a first sergeant, which he was when he was actually retired. The court held that his rank at the date of retirement,, rather than his rank at the date of application for retirement, determined his pay and allowances after retirement. He was, accordingly, given a judgment for the difference between the retired pay and allowances of a sergeant, which he had been receiving, and those of a first sergeant.
The language of the applicable statutes and their legislative history seem to me to justify that interpretation. I therefore disagree with the conclusions reached in the later cases which seem to have, sub silentio, overruled the La Forge case. Those later cases are Blackett v. United States, 81 C. Cls. 884; Standerson v. United States, 83 C. Cls. 633; Dene v. United States, 89 C. Cls. 502; Hornblass v. United States, 93 C. Cls. 148; and the instant case. In *528 all of them the plaintiff, instead of having been promoted between the date of application for retirement and that of actual retirement, had been demoted, but that is surely a circumstance immaterial to the question of statutory construction.
The Act of February 14, 1885 (23 Stat. 305), as amended by the Act of September 30, 1890 (26 Stat. 504, U. S. Code Tit. 10, sec. 947a), provides in part as follows:
That when an enlisted man has served as such thirty years in the United States Army or Marine Corps, either as private or non-commissioned officer, or both, he shall by application to the President be placed on the retired list hereby created, with the rank held by him at the date of retirement, and he shall thereafter receive seventy-five per centum of the pay and allowances of the rank upon which he was retired, * * *.
The Act of March 2, 1907 (34 Stat. 1217, U. S. Code Tit. 10, sec. 980), provides as follows:
That when an enlisted man shall have served thirty years either in the Army, Navy, or Marine Corps, or in all, he shall, upon making application to the President, be placed upon the retired list, with seventy-five per centum of the pay and allowances he may then be in receipt of, and that said allowances shall be as follows : Nine dollars and fifty cents per month in lieu of rations and clothing and six dollars and twenty-five cents per month in lieu of quarters, fuel, and light: Provided, That in computing the necessary thirty years’ time all service in the Army, Navy, and Marine Corps shall be credited.
Sec. 2. That all Acts and parts of Acts, so far as they conflict with the provisions of this Act, are hereby repealed.
Both acts were quoted in the La Forge case, and then the Act of 1890 was particularly applied to a soldier who applied for retirement in November 1914, and was retired in December of that year, having been promoted in the meantime.
The Act of 1907 does not expressly repeal the Act of 1890. It contains only a clause of general repeal of all acts or parts of acts inconsistent with the later legislation. *529 By its quotation and application of the’ 1890 Act in the La Forge case, the court apparently concluded that that Act was not inconsistent with the 1907 Act on the point at issue, and that either the 1907 Act had the same meaning as the 1890 Act with regard to the date as of which retirement pay and allowances would be computed, or that the 1890 Act was still in effect and applicable. I think the former view is probably correct and that the 1890 Act was fro tanto superseded by the 1907 Act. But the point is an immaterial one if the two Acts have the same meaning in this regard.
It is true that the language of the 1907 Act is less clear as to the date as of which the retirement allowance is to be fixed than that of the 1890 Act. Nevertheless, I think that Congress intended the same date in both acts. My reasons for thinking so are as follows.
(1) This is the more natural meaning of the language. The 1907 Act says “* * * when an enlisted man shall have served thirty years, * * *, he shall, upon making application to the President, be placed upon the retired list, with seventy-five per centum of the pay and allowances he may then be in receipt of, * * The reference of the word’ “then” to the event which immediately precedes it in the sentence, viz, his being placed upon the retired list, would be in keeping with the ordinary use of our language. If the reference is not made to the immediately preceding event, the date of retirement, a further ambiguity is introduced because there are two other events mentioned earlier in the sentence, viz, the soldier’s having completed thirty years’ service and his making application for retirement, either of which could, with some logic, be selected as the event referred to.
(2) I think it is attributing an unnatural intention to Congress .to suppose that it intends that one who is in fact, at the date of his retirement, a first sergeant by reason of an intervening promotion, or a private by reason of an intervening demotion, should have the rank and allowances of something he is not, viz, a sergeant. The department which is responsible for evaluating his services has given him a certain rank in the army, and it is hard to imagine *530 a reason why Congress should wish to place him in a higher or lower rank, as a retired soldier. I think such an intention on the part of Congress would be so unusual that we might expect the statutory language to express it with clarity.
(3) We know, to a practical certainty, what Congress meant by the 1907 Act. Senate Bill 3638 became, without amendment, the Act of March 2, 1907. The report of the Committee on Military Affairs to the Senate[1] merely recommended that the bill pass, and invited attention to a memorandum, quoted verbatim in the report, from the Chief of Staff of the Army to the Secretary of War, transmitted by the Secretary with his approval to the Senate. The memorandum contains the following language:
So far as the Army is concerned, the bill makes the following changes in existing laws:
1. It allows enlisted men to count service in the Navy in time of peace for purposes of retirement.
2. It authorizes an allowance of $6.25 per month in lieu of quarters, fuel, and light furnished men on the active list.
In the House of Representatives, Congressman Hull reported S. 3638 and asked unanimous consent for its consideration. The following discussion is all that is pertinent.[2]
Mr. Williams. Mr. Speaker, I would like to ask the gentleman in charge of the bill to whom the bill applies — to what rank?
Mr. Hull. It applies to none above the rank of enlisted men of the Army, Navy, and Marine Corps. It changes the law by allowing those who have served thirty years in the Army, Navy, or Marine Corps and who are on the retired list $6.25 a month additional pay. That is all there is in the bill.
Mr. MaNN. That is the only change?
Mr. Hull. There is no other change in the law. It simply gives the man who serves his country thirty years in the enlisted forces of the 'Army, Navy, or Marine Corps $6.25 a month.
*531 This evidence of Congressional intent seems to me to show beyond question that the proponents of this legislation had no doubt that the Act of 1907 meant, in regard to the point in question, just what the Act of 1890 had meant. Whether it repealed the Act of 1890 by changes in the two particulars intended, or merely duplicated parts of it which were not inconsistent, leaving both acts in effect, is as I have said, not material here.
With this evidence of what those who framed the statute actually meant, a court having the responsibility of construing the statute would be justified in stretching the language actually used to considerable length to give it that meaning and thus carry out the intent of Congress. Here no stretching is necessary. The normal meaning of the words as arranged in the sentence, the natural intention of those who might use such words, and the actual intention of those who did use the words, all seem to me to coincide.
I think, therefore, that plaintiff, being a sergeant when he was retired, and having received the retired pay of a sergeant, is not entitled to more.

 Senate Report No. 1791, 59th Cong., 1st Sess.

 Cong. Record, Vol. 41, Part 4, p. 3943.