Madden, Judge,
delivered the opinion of the court:
Plaintiff, on November 22, 1915, made a written application for retirement from the Army in the grade of Chief Musician, which grade he then held, having been appointed to it on the preceding September 9. When plaintiff made his application on November 22, he had not completed the thirty years of service necessary for retirement, but was one week short of it. When plaintiff’s application was perused *384 by the War Department, the Adjutant General, by order of the Secretary of War, wrote plaintiff’s commanding officer that plaintiff would not, unless there was some special circumstance, not appearing on his record, which justified it, be retired as a Chief Musician, since to do so would violate the policy of the Department, which policy was not to promote men on the eve of retirement to positions for which they were not qualified, merely to give them more pay on the retired list. There was nothing on plaintiff’s record to indicate that he was a musician. On December 5,1915, plaintiff’s commanding officer wrote the Adjutant General that plaintiff’s record as a soldier was excellent; that he had been Battalion Sergeant Major for some years; that he had acted as Begimental Sergeant Major on numerous occasions and would have been promoted to that rank if any vacancy had occurred in it. By the time this letter was written, plaintiff had completed the 30 years of service necessary for retirement.
On December 9, the Department advised plaintiff’s commanding officer that plaintiff’s retirement as Chief Musician was disapproved, as “contrary to the present policy of the War Department.” Plaintiff’s commanding officer thereupon reduced plaintiff to the grade of a private, then appointed him a First Sergeant and assigned him to a company. Plaintiff had served as a First Sergeant for eight years in that same regiment, earlier in his service. The position of Battalion Sergeant Major which plaintiff had had just before he had been made a Chief Musician on September 9 had been filled, or plaintiff would have been given that position. Plaintiff’s appointment as First Sergeant was made by his commanding officer to give plaintiff the most advantageous pay position to retire from, which would not violate the policy of the Department.
On December 13, 1915, plaintiff made application for retirement in the grade of First Sergeant. His commanding officer transmitted the application to the Department, with a recital of the demotion and promotion of plaintiff which had occurred, and the reasons. The Department approved the retirement and plaintiff was retired on December 25, 1915. He has received the retired pay and allowances of a First *385 Sergeant since that date. On March 13, 1941, he filed his petition in this case, suing for the difference between what he has received and what he would have received if he had been retired in the grade of Chief Musician, which he held when he made his first application for retirement. Plaintiff seeks this difference only for the period since March 13,1935, and for the future, since whatever claim he might have had before that time has been barred by the statute of limitations.
The Government asserts that plaintiff acquired no rights under his application of November 22, 1915, because his period of service at that time was some days short of the necessary thirty years. It is not necessary, in view of what we say hereafter, to decide that question, though we are inclined to think that, since plaintiff’s premature application was still pending when he did complete the thirty years of service, and since the Department, when it later disapproved the retirement on this application, did not raise any question as to its prematurity, the Government’s point is not well taken.
Plaintiff was, however, reduced to a private and then promoted to a first sergeant before he was actually retired. These actions were taken, not for the purpose of arbitrarily reducing plaintiff’s retirement pay, as this court thought the demotions in the Lomaos case, 95 C. Cls. 524, and the other cases there cited were, but for the preservation of a sound policy of the Department against promoting soldiers, on the eve of retirement, to higher paying positions for which they had no qualifications, merely to increase their retirement pay.
In these circumstances, we think plaintiff is not entitled to the retired pay of a grade to which he had been promoted contrary to the policy of the department, which grade he did not hold at the time of his retirement.
Plaintiff’s petition will be dismissed. It is so ordered.
Whitaker, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.
Jones, Judge, took no part in the decision of this case.