**AIR TRANSPORT ASSOCIATION OF AMERICA et al., Plaintiffs,**

v.

**Herbert BROWNELL, Jr., et al., Defendants.**

Civ. No. 2037.

United States District Court, District of Columbia.

Oct. 11, 1954.

**910**

Robert C. Barnard, James W. Lamberton, S. G. Tipton, Washington, D. C., for plaintiffs.

Joseph A. Rafferty, Asst. U. S. Atty., Washington, D. C., for the defendants.

HOLTZOFF, District Judge.

The question presented by this action is the construction of the words "foreign port" in that provision of the Act of March 2, 1931, 5 U.S.C.A. 342c, which directs the Attorney General to fix the rate of extra compensation of inspectors and employees of the Immigration and Naturalization Service who perform overtime services in connection with the examination and landing of passengers and crews of steamships, trains, airplanes and other vehicles arriving in the United States from a foreign port, such extra compensation to be paid by the owner or consignee of the transportation conveyance. The Attorney General, acting pursuant to this statute, has fixed such compensation for airplanes arriving in the continental United States from ports in Hawaii, Alaska and Puerto Rico.

The Court is of the opinion that there is no basis for treating ports in Hawaii, Alaska and Puerto Rico as foreign ports. They are part of the United States of America. The authority conferred by statute is limited to arrivals from foreign ports. The Immigration and Naturalization Service may not amend this statute and enlarge its scope, either by regulation or construction. Administrative construction is entitled to weight only in case of ambiguity in a statute. It is of no validity if it contradicts and contravenes the very phraseology of a statute. The Court realizes the desirability of applying this provision to arrivals of the type involved in this action. That should be accomplished, however, by requesting the Congress to amend the statute so as to enlarge its scope.

The plaintiffs, who are airplane transportation companies against whom the liability is sought to be assessed by the Attorney General and the Commissioner of Immigration and Naturalization, seek twofold relief: first, a declaratory judgment; and second, an injunction against the assertion of liability and the bringing of suits.

Insofar as the application for an injunction is concerned, the Court will deny it. There is no reason why equity should enjoin someone from asserting that someone else is liable for the payment of a stated amount of money. The liability can be contested when and if suit to enforce it is brought.

On the other hand, insofar as concerns the prayer for a declaratory judgment, the matter is presented from a different aspect. It is asserted that

the plaintiffs are exposed to a multiplicity of suits, as well as to a mounting liability for interest charges in case it should eventually be held that they are liable, contrary to their contention. It is proper, therefore, in a single suit, to adjudicate the liability at an early date. That is one of the purposes of the declaratory-judgment statute. Consequently the Court is of the opinion that it is proper to grant a declaratory judgment, construing the statute and the authority of the Attorney General thereunder as heretofore indicated.

■ The Court is further of the opinion that this is not a suit against the United States but is a suit against an individual officer who, it is claimed, is transcending his statutory authority. There is a plethora of authorities to the effect that an action so based is not an action against the United States.

Accordingly the defendants' motion to dismiss will be denied and the plaintiffs' motion will be granted to the extent of granting a declaratory judgment construing the statute as heretofore indicated. The prayer for injunctive relief will be denied.