**David C. SEAGRAVE**

v.

**The UNITED STATES.**

No. 155–54.

United States Court of Claims.
Feb. 8, 1955.

Scott P. Crampton, Washington, D. C., Dwight Taylor and D. F. Prince, Washington, D. C., on the briefs, for plaintiff.

Philip W. Lowry, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., James H. Falloon, Washington, D. C., on the brief, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

Plaintiff sues to recover reserve officer's retired pay in the amount of $8,-105.13, representing his retired pay of $245.61 per month for thirty-three months from June 29, 1948 to March 31, 1951.

On the basis of the allegations in the petition, a stipulation of facts, affidavits and documents submitted by the parties, plaintiff and defendant have filed cross motions for summary judgment.

Plaintiff was graduated from West Point in 1905 and thereafter served as a commissioned officer in the Regular Army until September 17, 1915, when he resigned and accepted a commission as major in the Ordnance Reserve. On January 23, 1918, plaintiff was ordered to active duty as a colonel of Ordnance, National Army. On March 1, 1919, plaintiff was honorably discharged and on May 15, 1919, was appointed colonel in the Ordnance Reserve where he served until May 27, 1939, when he was transferred to the Inactive Reserve as the result of a physical examination. On April 6, 1940, plaintiff became 60 years of age.

After his transfer to the Inactive Reserve in 1939, plaintiff was never again a member of the active reserve.

On June 29, 1948, Congress enacted Public Law 810, 62 Stat. 1081, 10 U.S.C.A. §§ 580 et seq., 594, 943a, 971b, 1001 et seq., 1036 et seq., which provided in Title III thereof, among other things, for the retirement with pay of qualified reserve officers and enlisted men. In general, a reservist qualified for the benefits of Title III by having performed 20 years of service as defined in that title, and by reaching the age of 60 years. On June 29, 1948, the date of enactment, plaintiff had qualified for retirement with pay both by years of service and age, but he did not file his application for retirement benefits until March 12, 1951, shortly after learning about the existence of the law.

On March 27, 1951, plaintiff's application for retirement with pay under Title III was approved by the Army and he was placed on the retired list of the Army of the United States in the grade of colonel, effective March 31, 1951, "with entitlement to retirement pay from 1 April 1951 under the provisions of Section 301 and 302 of the Act." Since April 1, 1951, plaintiff has been receiving retirement pay at the rate of $245.61 per month.

In April 1951, plaintiff requested the Department of the Army to pay him retirement pay for the period from June 29, 1948, the enactment date of Public Law 810, to March 31, 1951. This the Army refused to do on the ground that plaintiff had not complied with the provisions of Army Special Regulation 135–260–1, issued March 17, 1949, and providing, insofar as it related to plaintiff,

that individuals who, prior to enactment of Public Law 810, had reached 60 years of age and had performed 20 years of service, would be granted retired pay back to the date of enactment *if their applications were received by the Army any time prior to midnight of* June 30, 1949. The regulation then provided, in effect, that individuals failing to apply for their benefits within the time so specified in the regulation would forfeit any pay that would otherwise have accrued to them from the enactment date to the date of approval of their application made subsequent to June 30, 1949.[1]

Plaintiff contends that the special army regulation in question is invalid and in derogation of benefits conferred on plaintiff by Congress in enacting Title III of Public Law 810 to the extent that such regulation imposes on plaintiff and others similarly situated, the requirement that applications for benefits under the act must be made within a year of its enactment or the applicant forfeits all benefits accruing after the passage of the act and up to the date of the first day of the month following that in which his application may be approved. Plaintiff states that under the wording of the act, an inactive reserve officer who, on the date of enactment of Public Law 810, had reached the age of 60 years and had completed all the required satisfactory federal service, was entitled to be granted retired pay commencing on that date.

Defendant contends that the Army's special regulation is a reasonable one, clearly consistent with the provisions of the statute and therefore having the force and effect of law. Defendant urges that Title III of the act does not give a vested right to retirement with pay to

**1.** Paragraph 3 of the regulation provided in part as follows:

"(a) Individuals who are found to be eligible for retirement pay on or before 31 May 1948 will be placed on retirement orders which are effective from 29 June 1948.

\*       \*       \*       \*       \*

"(d) The retirement dates indicated above apply only in cases where application is filed and approved by the Department of the Army within a reasonable period of time after 1 January 1949. It has been determined by the Department of the Army that applications received by midnight of 30 June 1949 will meet the foregoing condition. Individuals who fail to apply for retirement within the above period will be retired on the last day of the month in which the application is approved, with retirement pay from the first day of the following month."

those who, like plaintiff, were qualified prior to June 29, 1948, by both age and length of service, but requires that such persons make application for benefits under the title. Defendant points out that Section 310 of the act provides that "No back pay or allowances for any period prior to the date of enactment thereof shall accrue to any person by reason of enactment of this title." Defendant says that the failure of Congress to provide precisely when retired orders should become effective and retired pay commence for reservists who apply therefor after they become 60 years of age and complete 20 years of service, indicates that the various service secretaries were empowered to exercise their discretion as to what they would do about permitting retired pay to accrue for periods subsequent to enactment, and that regardless of when an individual qualified for benefits and made application therefor, the secretaries had the power to determine when such benefits would commence so long as that determination did not result in the inclusion of any period prior to the law's enactment.

Defendant next turns to the language of Section 302(a) of Title III, which provides in part as follows:

> "Any person who, upon attaining or having attained the age of sixty years, has performed satisfactory Federal service * * * in the status of a commissioned officer * * * in the Army of the United States * * *, including the respective reserve components thereof, * * * and has completed an aggregate of twenty or more years of such satisfactory service * * * shall, upon application therefor, be granted retired pay: * * *."

Defendant says that the above language, insofar as it applies to this plaintiff, means that an individual who, prior to the date of enactment of the statute, had reached the age of 60 years and had completed 20 years of required service, should be granted retired pay to commence when his application for such benefits was approved; that such a person had no right under the statute to retired pay for any period prior to such approval (and subsequent to enactment of the law) regardless of when the application was made, and that the Army special regulation 135–260–1 granting to such persons retired pay retroactive to the date of enactment if their applications therefor had been filed within the year following enactment, was a piece of "administrative largess to which the plaintiff had no right and could not acquire title except by operation of the special regulations."[2]

2. This conclusion appears to be somewhat in conflict with an opinion of the Comptroller General, 28 Comp.Gen. 321. On October 14, 1948, the Secretary of the Navy requested the Comptroller's decision on several questions arising in connection with the administration of Title III. Section 312 of the act provided that the provisions of Title III should become effective for each of the services concerned when directed by the cognizant secretary, but not later than the first day of the seventh month following the date of enactment, or January 1, 1949. The Navy Secretary asked the Comptroller whether he might establish January 1, 1949, as the effective date of Title III "without jeopardizing the right of individuals concerned to receive credits for points during the period intervening between the date of enactment and January 1, 1949." The Comptroller replied that while section 312 authorized the Navy secretary to set the effective date of Title III for naval personnel, once that date was set, the individual provisions of the Title became operative and were for "application from and after" the date of enactment, since nothing appears in the act to indicate any intention that there be any hiatus. Later in the same decision the Comptroller stated that the main purpose of Section 312 was to permit a delay in the acceptance of applications for benefits until the services had established the necessary administrative procedures for processing them. He stated that individuals who, on or prior to enactment date, had qualified for retired pay by age and length of service, were eligible to commence receiving retired pay from the enactment date regardless of what date was set by the secretaries as the effective date. He then said, however, that

If the statute itself did not give the right to retired pay back to the enactment date in the case of individuals who had reached 60 and completed 20 years of service prior to enactment, then the service secretaries could not by regulation do so. In Manhattan General Equipment Co. v. Commissioner of Internal Revenue, 297 U.S. 129, at page 134, 56 S.Ct. 397, at page 400, 80 L.Ed. 528, the court said:

> "The power of an administrative officer or board to administer a federal statute and to prescribe rules and regulations to that end is not the power to make law, for no such power can be delegated by Congress, but the power to adopt regulations to carry into effect the will of Congress as expressed by the statute."

■ If the statute did give the right to retroactive retired pay to individuals in plaintiff's category, then the administrative agency cannot by regulation detract from that right. The law is well settled that a regulation which is not consistent with the provisions of the statute under which it is issued, is invalid. United States v. Symonds, 120 U.S. 46, 7 S.Ct. 411, 30 L.Ed. 557; Glavey v. United States, 182 U.S. 595, 21 S.Ct. 891, 45 L.Ed. 1247; Williamson v. United States, 207 U.S. 425, 28 S.Ct. 163, 52 L.Ed. 278; United States v. Smull, 236 U.S. 405, 35 S.Ct. 349, 59 L.Ed. 641; United States v. George, 228 U.S. 14, 33 S.Ct. 412, 57 L.Ed. 712; United States v. United Verde Copper Co., 196 U.S. 207, 25 S.Ct. 222, 49 L.Ed. 449; United States v. Morehead, 243 U.S. 607, 37 S.Ct. 458, 61 L.Ed. 926; Blackett v. United States, 81 Ct.Cl. 884; Wickes Corporation v. United States, 108 F. Supp. 616, 123 Ct.Cl. 741; Hobby v. Hodges, 10 Cir., 215 F.2d 754; Air Transport Association of America v. Brownell, D.C., 124 F.Supp. 909.

Special Regulation 135–260–1 would appear to be in for some rough sledding insofar as it relates to individuals who met all the act's age and service requirements prior to enactment, since, on the one hand it purports to grant retroactive retired pay to those who apply at any time up to July 1, 1949, and then to deny retroactive retired pay to those who apply after July 1, 1949.

In order to test the validity of the special regulation insofar as its provisions affect this plaintiff and others similarly situated, we must determine precisely what the statute grants to plaintiff.

Upon the date of enactment of Public Law 810, plaintiff had already attained the age of 60 years and had performed all of the service required by the act to entitle him to retirement with pay. Also on that date, plaintiff was in the inactive reserve and was ineligible to earn further credits to increase the amount of his retired pay. Section 302 of the act provides that such a person "shall, upon application therefor, be granted retired pay." We think that means that plaintiff was entitled to be granted retired pay commencing on the date of enactment regardless of *when* he made application therefor. We do not mean to imply that plaintiff did not have to make application. The act specifically provides that he must do so. It does not provide, however, that unless he makes application "within a reasonable time" or within a year of enactment, he shall forfeit his right to have retired pay back to the date of enactment.

As H.R.2744 was considered by the House Committee on Armed Services, Subcommittee No. 7, Retirement, in May 1947, Section 302 read in part as follows:

> "(a) Any person who, upon attaining the age of sixty years, has satisfactorily performed Federal

---

applications for retired pay back to the date of enactment should be made within "a reasonable time." The Comptroller gave no basis for this conclusion and did not define a "reasonable time." The suggestion was adopted by the Army, at least,

and the special regulation promulgated thereafter required such applications to be made within a year if the the applicant was to have his retired pay from the date of enactment.

service * * * shall be granted retired pay * * *." [p. 3297]

Col. E. J. Latoszewski of the War Department Personnel and Administration Division, testifying at the committee hearing, suggested two amendments to that section which were adopted and appeared in the bill as finally enacted. He suggested that the words "or having attained" be inserted in the first sentence of the section after the words "upon attaining," because he said:

"As the section now reads there is some question as to the status of those persons otherwise eligible for retirement who attain the age of sixty *prior to the enactment of this title*." [Hearings, p. 3368. Italics supplied.]

He also recommended that the words "upon application therefor" be inserted after the word "shall" and before the words "be granted retired pay", "in order that there be no question as to responsibility for initiation of action leading to retirement." There is no indication elsewhere in the legislative history that there was any other reason for the insertion of the words "upon application therefor".

■■ We conclude that the statute gave to this plaintiff the right to receive retired pay commencing on the date of enactment of Public Law 810 once his application for retirement with pay was approved by the Army regardless of when the application was made. Accordingly, that portion of the special Army regulation which purported to impose a statute of limitations on that part of plaintiff's claim for retired pay covering the period from June 29, 1948, to March 31, 1951, the date when his application was approved, is invalid as contrary to the provisions of the statute.[3]

Plaintiff is entitled to recover retired pay for the 33 months following the date of enactment of Public Law 810 at the rate or rates in effect during that time.

Plaintiff's motion for summary judgment is accordingly granted and defendant's cross motion denied. Entry of judgment for plaintiff will be suspended, however, pending a stipulation by the parties, or a report from the General Accounting Office concerning the proper rates to be applied during the period in question, and the total amount due.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER, and LITTLETON, Judges, concur.

---

3. In view of this disposition of the issue, it is unnecessary to discuss plaintiff's contentions regarding the Army's failure to publish the regulation in the Federal Register.