Elmer G. **STEVANUS**

v.

The **UNITED STATES.**

No. 70-55.

United States Court of Claims.

April 3, 1957.

Harry E. Wood, Washington, D. C., for plaintiff. Ansell & Ansell, Washington, D. C., were on the briefs.

Philip W. Lowry, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

Plaintiff seeks to recover retirement pay under title III of the Act of June 29, 1948, 62 Stat. 1081, 1087,[1] for the period commencing June 29, 1948, and ending April 30, 1950, the date he was placed on the Reserve officers' retired list.

The facts as stated in the petition and answer are these:

Plaintiff attained the age of 60 years on February 7, 1947. On June 29, 1948, he had completed over 20 years of satisfactory Federal service in components of the Army of the United States and was in all respects qualified, upon his application, to receive retired pay as provided for in title III of the Act of June 29, 1948, supra. Plaintiff mailed his application for retired pay pursuant to the above act to the Adjutant General of the Army on March 20, 1950. The application was granted effective April 30, 1950, and plaintiff has received the retired pay of a captain of the Army from May 1, 1950, to the present time.

The case arises on defendant's and plaintiff's motions for summary judgment.

The question presented is whether the plaintiff's petition was filed within six years after his cause of action first accrued.

The defendant argues that plaintiff's claim accrued June 29, 1948, and that all parts of the claim which accrued six years prior to filing the petition on February 21, 1955, are barred by the 6-year statute of limitations, 28 U.S.C. § 2501.

Plaintiff claims his cause of action for retired pay first accrued on April 30, 1950, when his application for retired pay was granted, and that no part of the

1. Now 10 U.S.C.A. §§ 676, 1331, 1332.

claim is barred by the statute of limitations.

■ Thus we are presented with the question as to when plaintiff's claim first accrued. This court has many times held that no claim accrues for the purpose of commencing the running of the statute of limitations until all events have occurred which fix liability and upon which claimant would be entitled to sue. O'Rourke v. United States, 109 Ct.Cl. 33; Ball v. United States, 137 F.Supp. 740, 133 Ct.Cl. 841.

■ With the above in mind, what events occurred which fixed the liability upon which plaintiff was entitled to sue? The answer is obvious—plaintiff was not entitled to anything until he filed his application under section 302(a) of the Act of June 29, 1948, supra, which provides in pertinent part as follows:

"Any person who, upon attaining or having attained the age of sixty years, has performed satisfactory Federal service as defined in this section * * * in the Army of the United States * * * and has completed an aggregate of twenty or more years of such satisfactory service * * * shall, *upon application therefor*, be granted retired pay: * * *." [Italics supplied.]

Plaintiff did file his application, and said application was granted, but payment was made only from the date of grant forward. In Seagrave v. United States, 128 F.Supp. 400, 131 Ct.Cl.

790, this court held that upon the filing of an application a Reserve officer was entitled to retirement pay from the effective date of the act, regardless of when he made the application. Since plaintiff was 60 years of age and had completed 20 years of satisfactory Federal service on June 29, 1948, the effective date of the act, he should have been granted retirement pay from that date. When on April 30, 1950, defendant denied him retired pay back to June 29, 1948, the wrong was committed and not until then did plaintiff have a cause of action. It was on that date that plaintiff had an amount of money due him, and it is for this amount that plaintiff sues. Therefore, plaintiff's cause of action first accrued on April 30, 1950, less than six years from the filing of his petition on February 21, 1955.

Plaintiff is entitled to recover the retired pay of a captain of the Army with his longevity and service credits under title III of the Act of June 29, 1948, supra, for the period commencing June 29, 1948, and ending April 30, 1950.

Plaintiff's motion for summary judgment is accordingly granted, and defendant's motion is denied. Judgment will be entered to that effect. The amount of recovery will be determined pursuant to rule 38(c), 28 U.S.C.A.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER and LITTLETON, Judges, concur.