Littleton, Judge,
delivered the opinion of the court:
Plaintiff sues to recover Army longevity retirement pay as a colonel under Title III[1] of the Act of June 29, 1948, *711 62 Stat. 1081, 1087, from June 29, 1948. The Army has refused to pay plaintiff the retirement pay for which he has admittedly qualified by age and length of service under the terms of the 1948 Act, on the ground that such payment is prohibited under the dual compensation prohibition provisions of section 212 of the Economy Act of June 30, 1932, 47 Stat. 382, 406', as amended, 54 Stat. 760,761, 69 Stat. 497, 498 (P. L. 239, section 2)>, for the stated reason that during the period in suit (June 29,1948 to July 27,1951, and thereafter), plaintiff was a civilian employee of the Veterans Administration and was receiving civilian salary in an amount in excess of the statutory minima set forth in the 1932 Economy Act, as amended. In prior decisions, inferred to hereinafter, we have decided the question of plaintiff’s rights as to the period June 1948 to July 1951, and defendant concedes plaintiff’s claim for that period.
Commencing in 1905 and from time to time thereafter, the plaintiff served in various commissioned capacities in the Army of the United States, the Officers Reserve Corps, and in the National Guard of the United States. From April 14, 1934, plaintiff held commissioned rank in the National Guard of the United States and also held commissioned rank as a Federally recognized officer in the National Guard of North Dakota. On June 29, 1948, Congress enacted the legislation which provided that all commissioned officers and former commissioned officers of the Army of the United States, the Air Force of the United States, including the respective Reserve components thereof, and also of the Federally recognized National Guard, who had reached the age of 60 years and had performed satisfactory Federal service as defined in that Act, aggregating 20 or more years, *712 should, upon application therefor, be placed on the proper retired list and granted retired pay. Plaintiff had reached the age of 60 years on October 1,1946, and had by that time rendered the necessary amount of Federally recognized service to entitle him to the benefits of Title III of the Act of June 29, 1948, supra. Learning of the passage of that Act in 1948, plaintiff wrote to the Army requesting the necessary forms on which he might make application for retirement pay. Upon being advised that under a ruling of the Comptroller General he could not receive the retirement pay provided for in the 1948 Act because he was then receiving a civilian salary as an employee of the Veterans Administration, plaintiff did not then file application for retirement pay.
On January 1, 1949, plaintiff was transferred from the active National Guard of North Dakota to the inactive Guard. On August 12, 1950, plaintiff’s appointment as a colonel in the inactive National Guard of North Dakota was terminated. On July 27,1951, plaintiff, then nearly 65 years of age, was honorably discharged from his commission as colonel in the National Guard of the United States. In 1955 plaintiff filed application for retirement pay under the 1948 Act, supra, and on December 81, 1955, he was placed on the retired list of the Army of the United States in the grade of colonel with entitlement to retirement pay from January 1, 1956, under the provisions of the Act of June 29,1948. The Department of the Army has certified that plaintiff is now a “Colonel, Army of the United States, Eetired.”
Defendant has conceded in its briefs that plaintiff is entitled to recover the retired pay withheld for the period from June 29, 1948, to July 27, 1951, by virtue of the exemption from the dual compensation prohibition provisions of the 1932 Act contained in section 2 of the Act of July 1,1947, 61 Stat. 238, 239, on the authority of the decisions in Tanner v. United States, 129 C. Cls. 792, cert. den. 350 U. S. 842, Seagrave v. United States, 131 C. Cls. 790, and Stevanus v. United States, 138 C. Cls. 149.
Defendant contends, however, that plaintiff is not entitled to recover retired pay for the period commencing July 27, 1951, and continuing during plaintiff’s employment by the *713 Veterans Administration as a civilian employee, because on July 27,1951, plaintiff was discharged from his commission in the National Guard of the United States, was no longer a “member” of the Guard within the meaning of section 2 of the 1947 Act, supra, under the decisions of this court, and therefore lost the benefit of the 1947 Act exemption from the dual compensation prohibition of the 1932 Economy Act. The precise question herein was not specifically involved in the cases referred to. Section 2 of the Act of July 1,1947, supra, provides in pertinent part as follows:
Sec. 2. * * * That no existing law shall be construed to prevent any member of the National Guard from accepting employment in any civil branch of the public service nor from receiving the pay incident to such employment in addition to any pay and allowances to which he may be entitled under the provisions of law relating to the National Guard, * * *.
The defendant now takes the position that, under the above-quoted language, a person entitled to the retired pay provided for in the 1948 Act because of age and length of service as a commissioned officer in the National Guard of the United States, may have the benefit of the 1947 Act exemption from the dual compensation prohibition of the 1932 Act only so long as that person continues to hold a commission in the National Guard of the United States.
We cannot agree with this contention and are of the opinion that Congress did not intend the dual compensation exemption provided for in the 1947 Act to be denied to those former commissioned officers of the National Guard, or other Reserve components of the Armed Forces, who, because of age, were honorably discharged from their commissions either prior to or after their retirement under the 1948 Reserve Officers Retirement Act. As we pointed out in our decision in the Tanner case, supra, the 1947 Act and the 1948 Act must be read together. One of the primary purposes common to both acts was to reward reservists and members of the National Guard who had given long and faithful service, largely without remuneration, to the Armed Forces of the United States, and to encourage civilians to devote larger amounts of their time to service in the Reserve components and in the National Guard of the United States. We are of *714 the opinion that the benefits of the 1948 Act were clearly-enacted for both members and former members of Reserve .components of the Armed Forces and of the National Guard, and membership or the holding of commissions therein even at the time the person reached the age of 60 years was not a prerequisite to retired pay entitlement under that Act. We are of the opinion that when Congress used the expression “any member of the National Guard” in section 2 of the 1947 Act, it meant any person who has acquired a right to retired pay, or to pay and allowances, by reason of his membership in the National Guard. Plaintiff did acquire his right to retired pay under the 1948 Act by virtue of his membership in the National Guard of the United States and his service in the Guard and in Reserve components of the Army for more than 20 years. We are of the opinion that plaintiff’s honorable discharge from his commission in the National Guard in 1951 at the age of 64 did not serve to deprive him of the benefits of section 2 of the 1947 Act, and accordingly plaintiff is entitled to recover retired pay not only from June 29, 1948, to July 27, 1951, as conceded by defendant, but also from July 27,1951. It is not clear from the pleadings and supporting documents whether or not plaintiff is now receiving retired pay under the 1948 Act, or whether he is still employed by the Veterans Administration and such retired pay is therefore still being withheld. Plaintiff’s motion for summary judgment is granted and defendant’s like motion is denied. Accordingly, judgment will be entered for plaintiff with the amount of recovery to be determined pursuant to Rule 38 (c).
It is so ordered.
■MaddeN, Judge; and Jokes, Chief Judge, concur.
Laramore, Judge, and Whitaker, Judge, took no part in the consideration and decision of this case.
In accordance with the opinion of the court and on a memorandum report of the commissioner as to the amount due thereunder, it was ordered June 18, 1958, that judgment for the plaintiff be entered for $23,370.14.

 Section 301 (a) oí the Act of June 29, 1948, supra, provides in part as-follows:
“The Secretary of the Army is authorized to establish the Army of the-united States Retired List * * * to be published annually in the official Register * * * upon which * * * shall be placed the names of all commissioned and former commissioned officers of the Army of the united States * * * heretofore or hereafter granted retirement pay under section 5 of the- *711 Act of April 3, 1939 (53 Stat. 557, as amended, 10 U. S. C. 456), section 1 of the Act of September 26, 1941 (55 Stat. 733, 10 U. S. C. 456a), and section 302 of this title, or any law hereafter enacted to provide retirement pay for commissioned officers other than those of the Regular Army * * *.’* Section 302 (a) of the same act provides in part as follows:
“Any person who, upon attaining or having attained the age of sixty years,, has performed satisfactory Federal service as defined in this section in the status of a commissioned officer * * * in the Army of the united States or the Air Force of the united States, including the respective reserve components thereof, and also including the federally recognized National Guard prior to 1933j * * * and has completed an aggregate of twenty or more years of such satisfactory service in any or all of the aforesaid services, shall upon application therefor, be granted retired pay: * * [Italics ours.J