MaddeN, Judge,
delivered the opinion of the court:
The United States refused to pay the plaintiff Warthen[1] retired pay which accrued to him because of length of service as a Reserve officer, the refusal being based upon section 212 of the Economy Act of 1932, 5 U. S. C. 59a. During the time for which the plaintiff seeks to recover retired pay, he was employed in a civilian capacity by the Government, and his civilian salary exceeded $3,000 per annum. If section 212 applied to him, it made him ineligible to draw the retired pay while he held the civilian position.
The plaintiff says that section 212 does not apply to his situation because of section 1 (b) of the act of July 1,1947, 61 Stat. 238, as amended by section 804 (a) of the act of July 9, 1952, 66 Stat. 506, 10 U. S. C. 37lb. That section provides that no existing law shall be construed to prevent *450 a member of a Reserve component of the Armed Forces from receiving pay for civilian employment by tbe Government in addition to pay to which he is entitled under the laws relating to the Reserve components of the Armed Forces.
The plaintiff served, beginning in 1912, first in the District of Columbia National Guard, as an enlisted man and then in the Maryland National Guard, first as an enlisted man and later as an officer, then as an enlisted man in the Regular Army, and then, from 1934 to 1943 as a first lieutenant, infantry, Officers’ Reserve Corps. On October 1, 1943, the plaintiff resigned his commission in the Officers’ Reserve Corps and thereafter had no commissioned status in any of the armed services. The plaintiff was, in 1943, some 51 years of age.
The Act of June 29, 1948, 62 Stat. 1081, 1087, 10 U. S. C. 1036a, provided for retired pay for length of service in a Reserve component, but the retirement did not occur, and the payment of retired pay, did not begin, under the statute, until the officer or former officer reached the age of 60. The plaintiff’s length of service was sufficient in 1943 to satisfy the longevity requirement, and he reached the age of 60 in 1952 and thereby satisfied the age requirement. He thereupon became eligible to draw retired pay, unless his civilian Government employment and salary made it illegal for him to receive it.
This court held in Tanner v. United States, 129 C. Cls. 792, cert. den. 350 U. S. 842, that retired pay fell within the meaning of the words “pay and allowances”, as used in the 1947 act. The Government does not, in this case, object to that decision. In that decision the court recognized that, probably, Congress when it in 1947 exempted the pay and allowances of Reserve officers from the restrictions of section 212 of the Economy Act of 1932, did not have retired pay in mind, since there was no retired pay for Reserve officers until 1948. But, the court said, the words “pay and allowances” in their natural meaning include retired pay and therefore, and in the absence of a congressional intent to use the words with some other meaning, the natural meaning would be adopted.
*451 Tbe Government now urges that, if the court follows the same method of interpretation that it followed in Tanner, it must decide against the plaintiff. The statute says no existing law shall be construed to prevent “any member of the reserve components” from receiving retired pay as well as civilian pay. The Government points out that the plaintiff, at the time involved in this suit, was not a member of -a, Reserve component, and had not been a member for nine years. It says that the words “any member” will not bear a construction which will include the plaintiff.
In Tanner, there was no reason to suppose that Congress, if it had foreseen retired pay for Reserve officers, would not have wanted to exempt that pay from the restrictions of the Economy Act. In the instant situation, on the other hand, the purpose of both the 1941 and the 1948 acts would be, to a considerable degree, frustrated by a literal interpretation of the 1947 act. This court in Sarles v. United States, 141 C. Cls. 709, dealt with substantially the same problem and held that the 1947 act, properly interpreted, meant that any person who had become entitled to pay and allowances, including retired pay, by reason of service in a Reserve component, was not subject to the restrictions of the Economy Act. We adhere to the reasoning of the Sarles decision.
The defendant’s motion for summary judgment is denied. The plaintiff’s similar motion is granted, and judgment will be entered for the plaintiff, Nathan R. Warthen (5), the amount of the judgment to be determined in further proceedings pursuant to Rule 38 (c).
It is so ordered.
Edgerton, Circuit Judge, sitting by designation; Lara-more, Judge; Whitaker, Judge, and Jones, Chief Judge, concur.
In accordance with the opinion of the court and on a memorandum report of the commissioner as to the amount due thereunder, it was ordered on October 9,1959, that judgment for plaintiff Nathan Reed Warthen (5) be entered for $3,201.21,

 The defendant’s motion Is directed only to the claim of the plaintiff, Nathan R. Warthen. This opinion relates only to him, as does the word “plaintiff” when It appears In this opinion.