Duktee, Judge,
delivered the opinion of the court:
This is an action to recover an amount recouped from plaintiff’s retired pay under the authority of the Economy Act of 1932 as amended, and also to recover increased retired pay based upon the rank of major with over 30 years service from January 11,1954, to date, rather than the rank of captain.
Plaintiff served in the Army as an enlisted man from December 18,1923, to May 23, 1942, when he was appointed to a temporary commission as first lieutenant in the Army of the United States. He was promoted to captain on June 20, 1943, and served on active duty in this rank until February 18, 1950, when he was released from active duty as an officer and reverted to his prior enlisted grade of master sergeant.
Plaintiff has also held a commission in the grade of major in the United States Army Eeserve since July 18, 1947, but has never served on active duty in this capacity.
On April 30, 1950, plaintiff was retired for longevity in the grade of master sergeant, and enlisted in the U.S. Army *492 Reserve. Upon completion of 30 years service on January 11,1954, be was advanced on the retired list to the grade of captain, pursuant to Section 203(e) of the Act of June 29, 1948, 62 Stat. 1086. This section provides in pertinent part :
Each enlisted man of the Regular Army. * * * heretofore or hereafter retired under any provision of law, shall upon the completion of thirty years of service, to include the sum of his active service and his service on the retired list, be advanced to the highest temporary commission, warrant, or enlisted grade satisfactorily held by him while serving on active duty, as determined by the cognizant Secretary, during the period September 9, 1940, to June 30, 1946, and shall receive retirement pay at the rate prescribed by law for his length of service at the time of retirement but based upon such higher temporary rank or grade; * * * [10 U.S.O. (1952 ed.) 1004]
After his retirement, plaintiff was employed by the Post Exchange Service, a “non-appropriated funds activity of the Army.” On March 14,1957, he was advised by the Army that since his combined retired pay and civilian salary exceeded the limitation provided in the Economy Act of June 30, 1932, his retired pay was to be reduced. Also, that the sum of $2,644.71 was to be recouped by the Government as overpayment from January 31,1955, to January 31,1957.
Section 212 of the Economy Act of June 30,1932, 47 Stat. 406, as amended, 54 Stat. 761, provides in pertinent part:
(a) After June 30,1932, no person holding a civilian office or position, * * * under the United States Government * * *, shall be entitled, during the period of such incumbency, to retired pay from the United States for or on account of services as a commissioned officer in any of the services mentioned in Title §7, [Army of the United States], * * *, at a rate in excess of an amount which when combined with the annual rate of compensation from such civilian office or position, makes the total rate from both sources more than $3,000; and when the retired pay amounts to or exceeds the rate of $3,000 per amium such person shall be entitled to the pay of the civilian office or position or the retired pay, whichever he may elect. As used in this section, the term “retired pay” shall be construed to include credits for all service that lawfully may enter into the computation thereof.
*493 (b) * * * Provided, That this section shall not apply to regular or emergency commissioned officers retired for disability * * * [5 U.S.C. (1952 ed.) 59a (a) and (b)] [Emphasis supplied]
Section 1(b) of the Act of July 1,1947, 61 Stat. 238, 239, provides:
Provided further, That, no existing law shall be construed to prevent any member of the Officers’ Reserve Corps or the Enlisted Reserve Corps from accepting employment in any civil branch of the public service nor from receiving the pay incident to such employment in addition to any pay and allowances to which he may be entitled under the laws relating to the Officers’ Reserve Corps and Enlisted Reserve Corps, nor as prohibiting him from practicing his civilian profession or occupation before or in connection with any department of the Federal Government. [Source: Act of May 12, 1917, 40 Stat. 72]
In 1954, this court held that the exemption from the Economy Act of 1932 granted by the 1947 Act, entitled a reserve officer, who had been retired for longevity to receive Ms retired pay as well as his pay as a civilian government employee. Tanner v. United States, 129 Ct. Cl. 792, cert. denied, 350 U.S. 842.
In Watman v. United States, 152 Ct. Cl. 769, we held that membership in the Army of the United States conferred upon Watman the same rights and privileges as membership in the Officers Reserve Corps would have done, pursuant to Joint Resolution of September 22, 1941, 55 Stat. 728, 729, which authorized the President to make temporary appointments of officers in the Army of the United States, without component. The Joint Resolution provided:
# # #
Provided further, That any person appointed as an officer in the Army of the United States under the provisions of this Act shall receive the same pay and allowances and be entitled to the same rights, privileges, and benefits as members of the Officers’ Reserve Corps of the same grade and length of active service: * * * (Emphasis supplied).
This Joint Resolution was repealed on July 25,1947, 61 Stat. 449 at 451, section (2), fourth paragraph, effective July 1, *494 1948. The repealing statute contained no saving clause. We held that the 1947 repeal of the 1941 Statute, did not forfeit Watman’s rights to exemption from the Economy Act, which had accrued to him when he was retired for disability as a major in the Army of the United States on J anuary 27,1947, before the repeal of the 1941 Joint Resolution.
However, the present plaintiff, Gradall, first received retired longevity pay from April 30,1950, to J anuary 11,1954, as a retired master sergeant of the Regular Army, with less than 30 years of active service. On January 11, 1954, upon completion of 30 years of service, plaintiff was advanced on the Army of the United States Retired List to the grade of captain, pursuant to the provisions of Section 203 (e) of the Act of 1948, the grade of captain being the highest temporary grade in which he served on active duty satisfactorily. The question which must now be determined is whether Gradall’s right to exemption from the Economy Act as an officer of the Army of the United States accrued to him prior to the repeal of the Joint Resolution of 1941 by the Act of July 25,1947.
Plaintiff urges that he had accrued the right of exemption from the Economy Act of 1932 'by his service as an officer in the Army of the United States prior to the 1947 repeal of the 1941 Joint Resolution. Plaintiff states that he need not possess, at the time of his retirement, all the requirements entitling him to the exemptions of the Economy Act of 1932 and in support of this contention, cites Sarles v. United States, 141 Ct. Cl. 709, and Bowman et al. v. United States, 144 Ct. Cl. 448.
This court held in Bowman that plaintiff had become entitled to retired pay for longevity by reason of service in a Reserve component under the 1948 Act, and his retired pay was therefore exempt from the restrictions of the Economy Act of 1932 under the Act of 1947, as construed by this court in Tanner, supra. Bowman’s rights as a reserve officer were thus not affected by the 1947 repeal of the 1941 Act giving officers of the Army of the United States the same rights as members of the Officers’ Reserve Corps of the same grade and length of service.
*495 In the case of Sarles v. United States, supra, the court held that plaintiff’s rights to exemption of longevity retirement pay under the Act of 1947 arose from his service in the National Guard even though he had been discharged from his commission prior to retirement. Sarles’ rights were similarly unaffected by the 1947 repeal of the Act of 1941.
However, in the present case any claim of plaintiff Gradall to exemption of retired pay from the Economy Act must be based upon the Joint Eesolution of 1941, which provided that officers of the Army of the United States appointed under that Act were “entitled to the same rights, privileges and benefits as members of the Officers’ Reserve Corps.” This act was repealed in 1947. Plaintiff’s right to retired pay as an officer did not accrue until 1954, when he completed the 30 years of service required by the Act of 1948. As we have already pointed out, in Watman v. United States, supra, relied on by plaintiff herein, Watman’s right to exemption from the Economy Act of 1932 accrued when he was retired for disability as a major in the Army of the United States on January 27, 1947, six months before the repeal of the 1941 Act which gave officers of the Army of the United States the same rights as officers in the Officers’ Reserve Corps.
While we conclude that plaintiff was thus precluded from availing himself of this exemption from the operation of the Economy Act, we are not prepared, on the basis of the record before us, to decide whether employment in the post exchange, a non-appropriated fund activity, constituted holding a civilian office or position under the United States Government within the meaning of the dual compensation provision of the Economy Act. We will therefore remand this proceeding to a commissioner for receipt of evidence bearing upon this issue.
Although plaintiff also held a commission as major in the United States Army Reserve from July 18, 1947, his active service was either as an enlisted man in the Regular Army or as an officer in the Army of the United States. He was retired as a master sergeant and subsequently advanced on the Army of the United States retired list to the grade of captain, pursuant to Section 203 (e) of the Act of 1948. This was the only statutory provision by which he could *496 have been advanced on the retired list subsequent to his retirement as an enlisted member of the Regular Army. Under this same section, plaintiff’s highest temporary grade, satisfactorily held by him while serving on active duty, as determined by the Secretary of the Army, during the period September 9, 1940 to June 30, 1946, was Captain, Army of the United States, in which grade he served on active duty between May 1942 and February 18, 1950.
For the reasons stated defendant’s motion for summary judgment is granted in part and the petition dismissed in part, except on the issue as to whether plaintiff’s employment with the post exchange constituted holding a civilian office or position under the United States Government, which will be returned to the Commissioner for receipt of evidence bearing upon this determination. Plaintiff’s motion for summary judgment is denied.
It is so ordered.
Laramore, Judge; Whitaker, Judge; and JoNes, Chief Judge, concur.