Laramore, Judge,
dissenting:
In the former case,[1] plaintiff brought suit to recover the retirement pay of a first lieutenant with his longevity and service credits unlawfully withheld by the defendant. In that case the defendant admitted the plaintiff’s entitlement to such retirement pay, but contended it was correct in withholding under the Economy Act.
Defendant was unsuccessful in its efforts, but now says the plaintiff has insufficient creditable service to qualify for retirement pay under Title III.
While a possibility exists that the court may have been wrong in the initial case, certainly the facts of plaintiff’s service were therein present and indeed his service record is set forth in the opinion. As a matter of fact, the opinion recites “The plaintiff’s length of service was sufficient in 1943 to satisfy the longevity requirement * *
In these circumstances, right or wrong, since this is a second cause of action between the same parties involving the same question as to creditable service, the doctrine of collateral estoppel applies. Commissioner v. Sunnen, 333 U.S. 591. Consequently, I would permit plaintiff to recover.

 Bowman v. Unites, States, 144 Ct. Cl. 448.