Jones, Chief Judge,
delivered the opinion of the court:
Since the facts in this case are very similar to and involve the same questions as in the case of William G. Price, Jr., v. United States, No. 49681, this day decided, and since the respective parties have filed a stipulation agreeing that the disposition of the Price case shall govern the disposition •of the instant case, plaintiff is entitled to recover.
Entry of judgment is suspended pending the receipt of a report from the General Accounting Office showing the amount due plaintiff in accordance with the foregoing opinion.
Howell, Judge; Whitaker, Judge; and Littleton, Judge, concur.
Madden, Judge, dissents.
on defendant’s motion to dismiss plaintiff’s objection to
THE REPORT OF THE ASSISTANT COMPTROLLER GENERAL
(Decided April 15,1952)
Jones, Chief Judge,
delivered the opinion of the court:
In our opinion of October 2, 1951, it was determined that plaintiff in this case was entitled to retirement pay under the Army and Air Force Yitalization and Retirement Act of 1948, 62 Stat. 1081. In reply to a call upon the General Accounting Office for computation of the amount due plain *692 tiff in accordance with that opinion, the Assistant Comptroller General has computed plaintiff’s retirement pay based upon the active duty and annual base and longevity pay of a colonel. The Equalization Act of 1948, Section 303, requires that such pay be based upon the
active duty annual base and longevity pay which he would receive if serving, at the time granted such pay, on active duty in the highest grade, temporary or permanent, satisfactorily held by him during his entire period of service [62 Stat. 1088].
It is plaintiff’s contention that the highest grade satisfactorily held by him during his entire period of service was that of brigadier general, and not colonel.
Plaintiff had been a commissioned officer of the New York National Guard for many years. His promotion to Lieutenant Colonel, Ordnance Department Reserves, National Guard, was “federally recognized” effective March 31, 1917. The findings of fact, all entered pursuant to stipulation, show that he held the rank of Colonel, Ordnance Department, New York National Guard, from November 14, 1920, to May 10,1932, and that on May 10,1932, he was promoted to brigadier general in the New York National Guard Reserve, and on the next day, May 11,1932, was placed on the state retired list as a brigadier general. The Adjutant General of the Army has determined that for purposes of federal retirement eligibility plaintiff’s federal service ended on May 9, 1932, and the highest grade held by plaintiff was that of colonel.
Section 306 (c) of the Equalization Act of 1948 provides that service in the following shall be deemed to be federal service for the purposes of the act:
(1) the National Guard of the United States;
(2) the National Guard while in the service of the United States;
(3) the federally recognized National Guard prior to 1933;
(4) a federally recognized status in the National Guard prior to 1933;
*693 The National Guard Reserve is not included among the organizations specifically enumerated in Section 306 (c). Therefore we cannot consider plaintiff’s grade in the National Guard Reserve unless the National Guard Reserve is included within the meaning of “National Guard” as used in Section 306 (c).
The National Guard Reserve was created in the National Defense Act of 1916,[1] 39 Stat. 166, 202. There is some basis for the contention that the term “National Guard” as used in that act encompassed also the National Guard Reserve. This was not a consistent usage in the 1916 act, however,[2] and in some instances that act referred at the same time to both the National Guard and the National Guard Reserve, supporting the view that the two were considered as distinct organizations.
Further, the Comptroller General has ruled consistently for many years that the National Guard and the National Guard Reserve were distinct organizations, so that service in the National Guard Reserve was not service in the National Guard for longevity pay purposes. 2 Comp. Gen. 765, 20 Comp. Gen. 520, 22 Comp. Gen. 411, and 22 Comp. Gen. 907. Under the Pay Readjustment Act of June 6, 1942, 56 Stat. 359, which referred to the National Guard and omitted mention of the National Guard Reserve, it was held that service in the National Guard Reserve was excluded for longevity pay purposes (22 Comp. Gen. 411). Congress by amendment, 56 Stat. 1037, thereafter added the National Guard Reserve to the enumerated organizations for service in which longevity credit was to be granted under the 1942 act. Similarly with the Career Compensation Act of 1949, 63 *694 Stat. 202, 208, which, expressly included service in the National Guard Reserve as well as in the National Guard for longevity pay purposes. Thus whenever Congress has intended service in the National Guard Reserve to be credited for pay purposes it has expressly named the National Guard. Reserve in addition to the National Guard, treating them in such instances as distinct organizations. This would indicate that Congress did not intend that the enumeration of the National Guard in Section 306 (c) of the Equalization Act of 1948, should be construed to include the National Guard Reserve, and that by omitting the National Guard Reserve from Section 306 (c) Congress intended that service in the National Guard Reserve as such would not be considered service within the meaning of that act.
In addition the Equalization Act of 1948 requires not only that the grade be held in a period of service within the meaning of the act, but also that the grade be held satisfactorily.[3] In this connection the findings indicate merely the statement of the Adjutant General of the Army that the highest grade held by plaintiff for purposes of retirement eligibility was that of colonel, and that his federal service ended on May 9,1932, which was prior to his appointment as brigadier general in the Reserve. Plaintiff’s advancement in rank in the New York National Guard Reserve on the day before his retirement on the state retired list was undoubtedly given as a reward for long and faithful service. He had first entered the New York National Guard over forty years previously. There could have been little thought that he would ever again actively participate in the National Guard, and the record shows that his last active duty with the National Guard was in September 1931. His promotion to brigadier general was primarily a move by the state authorities to honor plaintiff, and there is no indication of any federal participation in or recognition of the action. The action did not purport to increase the retirement pay to which plaintiff was entitled, since at the time of plaintiff’s retire *695 ment there was no federal law providing for retirement pay for the National Guard, and the record does not show that plaintiff ever received pay of any grade higher than colonel.
In the light of all of these factors we are unable to hold that the promotion to the grade of brigadier general in the New York National Guard Reserve on May 10, 1932, now entitles plaintiff to retirement pay based on that grade under the Equalization Act of 1948.
Plaintiff has made one other objection to the reply of the Assistant Comptroller General and the computation of the amount due plaintiff. The question thus raised is whether plaintiff is entitled to include as active federal service certain drills attended by plaintiff during his period of service in the New York National Guard. This is substantially the same question raised in Price v. United States, and discussed in that case in our opinion of this date. For the reasons there set forth it is concluded that the Assistant Comptroller General acted properly in excluding such drills from his computation of the amount due plaintiff.
Accordingly defendant’s motion is granted and plaintiff’s objections to the reply of the Assistant Comptroller General must be dismissed. Judgment will be entered for plaintiff in the amount of $4,106.93, in accordance with our opinion of October 2,1951.
It is so ordered.
Howell, Judge; Whitaker, Judge; and Littleton, Judge, concur.
Madden, Judge, dissents from the judgment.

 The National Guard Reserve was abolished in 1933 by amendment creating the-“inactive National Guard” (48 Stat. 159). Section 306 (e) of the Equalization Act of 1948, 62 Stat. 1090, expressly provides that service in the “inactive National Guard,” successor to the National Guard Reserve, shall not be deemed to be federal service within the meaning of that act. The Comptroller General has held, however, for some purposes at least, that the inactive National Guard and the National Guard Reserve are separate and distinct organizations (22 Comp. Gen. 411).

 Section 74, for example, provided that officers on the “reserve or unassigned list of the National Guard” could thereafter be commissioned in the National Guard (39 Stat. 201).

 Cf. the Career Compensation Act of 1949, supra, Sections 402 (d), 403, and 511, with a similar requirement, which also provide that the determination of whether the service was satisfactory is to be made by the Secretary concerned.