WhitakeR, Judge,
delivered the opinion of the court:
Plaintiff in this case was one of the plaintiffs in Bowman v. United States, 144 Ct. Cl. 448. The question therein presented was whether section 212 of the Economy Act of 1932, 5 TJ.S.C. 59a, deprived him of his right to retired pay for the period he was employed by defendant in a civilian capacity at a salary in excess of $3,000 per annum. We held it did not, and referred the case to a commissioner for a determination of the amount due.
In response to a motion for call on the General Accounting Office for a computation of the amount due, the Comptroller General reported that the Adjutant General of the Army had credited plaintiff with 24 years, 8 months, and 29 days, in determining his eligibility for retirement, but that there was erroneously included therein 6 years, 11 months, and 14 days’ service in the National Guard Reserve. Thereupon, defend *800 ant filed a motion for a new trial and amendment of judgment. The ground of defendant’s motion was that service in the National Guard Reserve was not creditable service under the Act of June 29,1948. We denied the motion in an order relating to this case and several others. No reason was assigned for the denial.
Judgment was entered in the prior case in accord with the original opinion. This judgment has been paid, but defendant has refused to pay amounts accruing after the period covered by the judgment. To recover such amounts, plaintiff brings the present action.
Defendant interposes the defense raised in its motion for a new trial in the prior proceeding, to wit, that service in the National Guard Reserve is not creditable service under the Act of June 29,1948. Plaintiff says defendant is estopped from raising this defense because it was put in issue in the prior proceeding and determined by the court. Whether the defendant is estopped from raising this defense is the first issue with which we are confronted.
It is well to remember that res judicata and its offspring, collateral estoppel, are not statutory defenses; they are defenses adopted by the courts in furtherance of prompt and efficient administration of the business that comes before them. They are grounded on the theory that one litigant cannot unduly consume the time of the court at the expense of other litigants, and that, once the court has finally decided an issue, a litigant cannot demand that it be decided again.
Were we satisfied that the court, by overruling defendant’s motion for a new trial in the prior case, intended to decide that service in the National Guard Reserve was creditable service, we would not consider the question again; but we do not think it was so intended. To have so decided would have been in conflict with the court’s prior decision in Waterbury v. United States, 121 Ct. Cl. 687. Had we thought that decision was wrong, and that a contrary decision was required in plaintiff’s case, we would have said so; we would not have entered an order overruling the motion for a new trial without assigning any reason therefor.
Defendant’s motion for a new trial was filed out of time, five months after the court’s decision. The decision of the *801 court had 'been handed down on January 14, 1959, and defendant’s motion for a new trial was filed on June 19, 1959, but defendant asked that its motion be granted, although filed out of time, under the authority of section 2515 of 28 U.S.C. and Eule 53 (a) (2) of the court, authorizing the court to grant a new trial within two years, to correct a “fraud, wrong, or injustice done the United States.”
Such motions are not favored by the court, unless some good reason is given for their not having been filed in time, or unless the court believes some gross wrong or great injustice has been done. No good reason for not having filed the motion in time was given; nor are we now satisfied, nor were we then satisfied that a gross wrong or great injustice had been done. We are satisfied that, in overruling defendant’s motion for a new trial in the prior case, we did so because it was filed out of time and because we did not believe sufficient showing had been made to justify the exercise of the discretion given us by section 2515 of 28 U.S.C. to grant one filed out of time. We are satisfied that we did not intend to rule that service in the National Guard Eeserve was creditable, especially in the light of our contrary holding in Waterbury v. United States, supra. We certainly did not intend to overrule that decision in so summary a fashion.
It must be borne in mind that the present cause of action is a different cause of action from the one previously decided, and that in such case it is only those facts and those issues which were put in issue in the prior case and were decided by the court that cannot be litigated in the subsequent proceeding.
Defendant, therefore, is not estopped to raise that issue in this case.
We have further considered the question of the creditability of service in the National Guard Eeserve. This was thoroughly considered in Waterbury v. United States, supra. The court concluded that it was not, and for this reason, and for another reason as well, we decided it was not. We see no reason to depart from this decision.
If plaintiff is not entitled to count this period of service, he has not had the requisite 20 years to entitle him to retire *802 ment. Plaintiff’s motion for summary judgment must, therefore, be denied, defendant’s like motion must be granted, and plaintiff’s petition dismissed.
It is so ordered.
Davis, Judge; Durfee, Judge; and Jones, OJiief Judge, concur.