DUPRIS, J.
This matter came before the Court of Appeals (COA) pursuant to an Initial Hearing held on March 19, 2010. Appellant appeared in person and without representation. Appellee appeared through spokesperson Jonnie Bray, Office of Prosecuting Attorney.
The purpose of an Initial Hearing is to allow the appellate panel to 1) decide whether the facts and/or laws warrant a limited appeal; 2) whether a new trial should be granted; or 3) whether the appeal should be denied or dismissed. Based on the following, the Order issued by the trial court is vacated and the matter remanded for a new hearing.
SUMMARY
Appellant was issued citation number 18248 on December 7, 2009. The citation was issued for Failure to Exercise Due Care, RCW 46.61.245. The citation correctly listed her address as her present home address. Filing by the Tribal Police Department was timely. Appellant noted on the back of her copy that she wished to contest the hearing, signed the copy and filed it with the court on December 8, 2009. She did not fill in the address portion as the address on the front of the citation was correct, without any changes necessary. The copy was timely filed.
*130 On December 31, 2009, the Court issued a Notice of Hearing, setting the hearing for February 8, 2010 at 9:00 a.m. The Notice was sent to the address that the Court had on record in its Full Court system, which was different from Appellant’s current address. The Full Court address was several years old and outdated. Consequently, Appellant did not receive notice of the contested hearing date and did not appear for it.
At the hearing, the Court found that Appellant failed to appear, and imposed a $100 judgment. Appellant filed a Motion to Reconsider. The motion was denied by the Court without a hearing and without a response from Appellee.[1] Appellant timely filed an appeal.
After reviewing the record and applicable laws, we find Appellant did not receive adequate notice, and the judgment should be vacated and this matter remanded to the Trial Court for a hearing.
DISCUSSION
Appellant alleges she was denied due process of law because she did not receive adequate notice of her contested hearing. In order to determine what her rights are, and if any have been violated, the Court must look to the Colville Tribal Law and Order Code (CTLOC).
The instant action is a traffic infraction. CTLOC § 3.3.1[2], Provisions Incorporated, provides that the Colville Tribe will incorporate various portions of the Revised Code of Washington (RCW) as law on the Colville Reservation. RCW 46.61 covers traffic infractions. CTLOC § 3-3-1 incorporates RCW 46.61 in its entirety. CTLOC § 3-3-141[3], Infraction—What Constitutes, describes what acts are subject to designation as a civil infraction and, thus, may not be classified as a criminal offense.
The Court then looks to Chapter 2-3, which covers procedures for civil infractions. CTLOC § 2-3-3[4], Application and Procedure, says that this chapter shall apply to traffic infractions and says that CTLOC Chapter 2-2 shall govern all questions as a result of the enforcement of this chapter if questions are not covered in Chapter 2-3. Chapter 2-2 covers civil actions.
CTLOC § 2-3-41, Notice of Infraction, specifies that a notice of infraction shall serve as the civil complaint and shall satisfy all requirements under Chapter 2-2. *131 The notice of infraction in the instant case meets all the requirements set forth for notice to the defendant.
CTLOC § 2-3-42, Response to Notice, gives the defendant fifteen (15) days in which to respond. Appellant timely filed her response requesting a contested hearing.
On December 31, 2009, the Court issued a Notice of Hearing requiring Appellant to appear for her contested hearing on February 8, 2010.[5] First we look at the Notice of Hearing and the troubling language included in it. In the section which gives defendants notice on what may occur should they fail to appear for a hearing is the bolded statement:
YOUR FAILURE TO APPEAR WITHOUT PRIOR AUTHORIZATION FROM THE COURT WILL RE-SAULT [sic] IN THE ISSUANCE OF A BENCH WARRANT FOR YOUR ARREST AND REVOCATION OF YOUR BAIL OR PERSONAL RECOGNIZANCE RELEASE, AND FORFEITURE OF ANY BOND POSTED.
CTLOC § 2-3-4(b)[6] defines infractions as a civil offense and not subject to criminal punishment.
CTLOC § 3-2-41(a)(2)[7] directs that the Notice of Infraction include a statement that an infraction is not a criminal offense and imprisonment cannot be imposed as a sanction. The Trial Court has no statutory authority to include the warrant language in its Notice of Hearing for civil traffic infractions.
The civil infractions clerk filed a memo to the official court file stating she discussed with Appellant how the Notice of Hearing was sent to Appellant’s old address because Appellant did not update her address with the Court and did not fill out a new address on the back of her citation. There is no statute nor court rule which requires a party to periodically update his/her address once he/she is in the Court’s Full Court System.
In the State of Washington, RCW 46.20.205[8] specifies that when a person *132 moves, he/she must notify the Washington Department of Licensing of the address change within ten days. This address is then the address of record for the State of Washington, and, by extension, for the Colville Tribe concerning driver’s licenses.
In the instant case, the police officer used the information from Appellant’s valid driver’s license when he entered the information on the Notice of Infraction. Appellant received the Notice of Infraction, saw that the address information was correct and did not fill out the information on the back of the infraction notice believing that it was not necessary. Nothing on the form indicates that the address on the front of the form citation would not be used as the address to send subsequent notices.
Appellant was not afforded due process by the Trial Court. As we have stated before, the Trial Court must be ever vigilant in protecting the rights of litigants before it, and proceed objectively and fairly in every case, no matter how minor. One way to ensure fair application of the law it to provide uniform procedures for litigants to follow. Unfortunately the Trial Court does not have written procedural rules yet.
In this case we find the Trial Court relied on personal knowledge of Appellant, i.e. she had once worked in the Probation and Parole Department, to base its decision to deny a new hearing. This was even though Appellant had provided a correct address on the citation complaint. This ensured Appellant did not have adequate notice of her contested hearing.
We further find the Trial Court ignored procedure when Appellant filed a Motion to Reconsider. The Trial Court did not give Appellee an opportunity to respond, nor did it allow Appellant a hearing on the motion. See CTLOC, section 1-2-10.
Finally, because we remand for a hearing, which must be set by sending Appellant another Notice of Hearing, we find the Trial Court must develop an adequate Notice of Hearing that comports with the civil infraction laws.
Based on the foregoing, now, therefore
It is ORDERED:
1. The Order for Monetary Judgment is vacated and this matter remanded for a new contested hearing.
2. The Trial Court is directed to redraft the Notice of Hearing to comport with the CTLOC.

. Appellee advised this Court that the Tribes did not receive appellant's motion for reconsideration until after the order denying the motion was Hied. Appellee had no objection to the matter being remanded for a contested hearing.

. The substantive provisions of the follow parts of the Revised Code of Washington as presently constituted or hereafter amended are incorporated herein as provision of this Code and shall apply to all persons subject to the jurisdiction of the Colville Tribal Court: RCW Chapter 46.04, 46.37, 46.44, 46.48, 46.61, and RCW 46.20.015, 46.52.010, 46.52.020, 46.52.030, 46.52.035, 46.652.040. (emphasis added).

. Failure to perform any act required or the performance of any act prohibited by this Chapter is designated a traffic infraction and may not be classified as a criminal offense except for the following provisions of this Chapter incorporated by reference in CTC § 3-3-1: ... (emphasis added).

.(a) Unless otherwise provided by specific language found elsewhere in this Code, this Chapter shall apply to general or traffic infraction, field bond procedure, civil offense or forfeiture action listed in this Code or regulation adopted thereunder.
(b) Unless other procedures are provided by this Chapter, the Civil Actions Chapter 2-2 of this Code shall govern all questions of procedure arising as a result of the enforcement of this Chapter, (emphasis added).

. CTLOC § 2-3-43, Hearings—Rules of Practice, states that the date of the hearing should have been within thirty (30) days of the receipt of the notice requesting the contested hearing. It should have been set and mailed within five (5) days of receipt by the Court. It appears neither of those dates were complied with in this case. We will not addressed the issue, however, since it was not raised by either party. We counsel the Trial Court to become familiar with such statutory requirements in the future as a matter of procedure.

. “Infraction” means a civil offense in which the remedy involved is a civil fine or penalty which has been pre-determined by the Business Council as provided by the subchapter "Infractions" of this Chapter. An infraction is not a crime and the punishment imposed therefore shall not be deemed for any purpose a penal or criminal punishment and shall not affect or impair the credibility of a witness or otherwise of any person convicted thereof. (emphasis added).

. (a) ... The content of the notice shall include the following: ... (2) A statement that an infraction is a non-criminal offense for which imprisonment cannot be imposed as a sanction.

. (1) Whenever any person after applying for or receiving a driver’s license or identicard moves from the address named in the application or in the license or identicard issued to him or her, the person what within ten days thereafter notify the department of the address change. The written notification must be in writing on a form provided by the department and must include the number of the person's driver's license. The written notification, or other means as designated by rule of the department, is the exclusive means by which the address of record maintained by the department concerning the licensee or identicard holder may be changed .... (b) Any notice regarding the cancellation, suspension, revocation, disqualification, probation, or nonrenewal of the driver’s license, com *132 mercial driver's license, driving privilege, or identicard mailed to the address of record of the licensee or identicard holder is effective notwithstanding the licensee’s or identicard holder’s failure to receive the notice.