BASS, J.
This matter came before the Court of Appeals pursuant to a Notice of Appeal filed by Appellant on November 15, 2010. Appellant is appealing a final order entered by the Trial Court on the 28th day of October, 2010 which dismissed his case. Appellant is alleging misconduct of the Chief Judge of the Trial Court; irregularity in the proceedings; that the verdict or decision is contrary to law and the evidence; and that substantial justice has not been done. The Court of Appeals reviewed the record and dismisses this appeal based on res judicata [1].
ISSUE
Whether the Trial Court can sua sponte dismiss an action and reject any future filings when the Court is on Notice the action is barred by res judicata.
FACTS
Appellant’s application for enrollment filed shortly after his birth was denied on insufficient blood quantum being shown to meet the requirements established by the Colville Confederated Tribes (Tribes) for membership. Over thirty years later new evidence came to light. Appellant reapplied and he was adopted pursuant to the procedure set forth in the Law and Order Code § 8-1-80. Appellant is now a full member of the Tribes. Subsequently, Ap *190 pellant filed an action based on “new evidence” that alleges he should have been enrolled when his parent first applied following his birth and thus was entitled to a sizable retroactive payment of per-capita and 181-D monies from the Tribes. He lost at both the Trial Court and Court of Appeals. Nevertheless, he re-filed citing the same new evidence, requesting attorney fees, and alleging that the courts misapplied the law. Again, he lost at both the trial and appellate courts. He filed his action one more time with the Trial Court alleging misconduct, and that he was suing the individuals personally and not as Tribal officials. The Court denied his case and notified him no subsequent filings, would be accepted on this issue. He appeals again.

DISCUSSION

A.INTRODUCTION

In court, “no less than in ordinary life, ‘explanations come to an end somewhere.’ ”[2]. Generally in courts “somewhere” follows a single explanation: the final judgement.[3] The issue presented concerns the Trial Court’s power to dismiss the action sua sponte pursuant to the res judicata doctrine that a final judgment has already been entered, and the litigation is at end. This is one of the Court’s inherent powers.

B. STANDARD OF REVIEW

Whether a judge properly exercised an inherent power is reviewed for abuse of discretion.[4] The Trial Court’s decision is overturned “only if its action was manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.”[5] It requires a review for due process at the very least.[6]

C. THE INHERENT POWERS OF THE COURT

Colville Courts, like all courts, possess inherent powers.[7] Other jurisdictions have described these powers as being one of two kinds, equitable and supervisory, *191 and existing independent of any statutory authority.[8] Regardless, the Colville Code codifies this power in Section 1-1-144.[9] This statute has been described as a broad grant of “broad authority”[10] providing guidance in the exercise of the “court’s discretionary authority to run an orderly court system.” [11] Its function is to allow the Court to develop a “process in the absence of a statutory process.”[12] The court, however, disfavors continued reliance on this statute,[13] and only uses it in the face of statutory silence.[14]
Colville case law provides further guidance for the Trial Court’s exercise of these powers. The judge is directed to maintain justice and fairness and make decisions for the “good of the whole community.” [15] The community should be con *192 fident in the court’s ability to accurately interpret the Court’s “procedures in order to preserve the integrity of the judicial process and to prevent injustice.”[16] When the issue implicates the Tribes’ “independence as a sovereign nation” the Court’s duty is to protect tribal rights.[17] Moreover, the Trial Court is to be diligent in its respect for due process.[18]
In the present case there is no statute governing sua sponte dismissals of an action. Nevertheless, Section 1-1-144’s grant of “broad authority” enabling the court to run an effective court system, certainly covers the present issue.[19] In particular, such a mode of proceeding “preserve[s] the integrity of the judicial process and to prevent injustice.”[20] The judicial system’s integrity and ability to ensure just results is negated when a litigant can continually re-file a matter in the hopes of a different result, or in the hopes of wearing the other side down. These are the very reasons, as discussed below, for the existence of the res judicata doctrine.

D. A COURT MAINTAINS DISCRETION TO SUA SPONTE DISMISS AN ACTION WHEN THE COURT IS AWARE RES JUDICATA BARS RELITIGATION OF THE ACTION.

1. Res Judicata

Colville courts have long recognized res judicata.[21] It requires: (1) a *193 past final judgment on the merits between the same parties; and (2) a “present actions involving] (a) the same subject matter; (b) the same cause of action; (c) the same persons and parties; and (d) the same quality of the persons for or against whom the claim is made.[22]
The policy behind res judicata is the “prompt and efficient administration of the business that comes before” a court.[23] Fundamentally, the doctrine rests on the principle “that one litigant cannot unduly consume the time of the court at the expense of other litigants, and that, once the court has finally decided an issue, a litigant cannot demand that it be decided again.”[24] This reflects “the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdictions.” [25] Preclusion then “protects [litigation] adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.”[26]
The present facts indicate res ju-dicata bars the Appellant’s current action. The former and present actions involve the same subject matter (retro-active payment related to enrollment), the same cause of action (new evidence rated to enrollment), the same parties leading to the same quality of people for or against, and there has been a decision on the merits. Therefore the five criteria for application of the doctrine of res judicata have been met in this case.
Significantly, the present facts act to highlight the policies behind res judicata. In particular, the Appellant’s repeated attempts to litigate the same issue appears be a single person “unduly consuming] the time of the court at the expense of other litigants.”[27] Reliance on the Court’s judgments is also weakened as the Appellant is advocating for inconsistent decisions.[28]
£ Sua Sponte Dismissal Because of Res Judicata
Dismissal is within the inherent power of a court.[29] The Colville Court of Appeals has never considered the issue of the sua sponte dismissal specific to res judicata but has addressed sua sponte dismissal multiple time in other contexts.[30] *194 The leading ease, Campbell v. CCT, states the rule that the Trial Court maintains “judicial discretion to grant dismissals with prejudice before an adjudication of the merits in certain circumstances,”[31] The Campbell case, supra, read Stensgar[32] together with Swan[33] as providing “the general rule is that dismissals with prejudice are generally reserved for cases in which ... there has been a hearing on the merits.”[34] Moreover, when lacking guidance the Court should reasonably “all relevant public and private interest.” [35] Dismissal sua sponte for res judicata logically follows from this rule: res judicata is solely concerned with a previous judgement on the merits.
Looking outside this jurisdiction other courts have come to the same conclusion. The United States Supreme Court stated the rule as: “if a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised.”[36] This is “consistent with the policies underlying res judicata: ... the defendant’s interest in avoiding the burdens of twice defending a suit,” and, “the avoidance of unnecessary judicial waste.”[37] A dismissal on these grounds is disfavored when “no judicial resources have been spent on the resolution of a question ... thereby eroding the system of party presentation so basic to our system of adjudication.”[38]
In the present case the Court was on notice that the same parties and claims had been decided on the merits in prior actions were being raised again. Looking to the relevant private and public interests the Trial Court was correct in dismissing the case and rejecting any additional filings on the matter. The Court’s actions protects the defendant’s interest in not continually defending the same suit. *195 Moreover, not expending judicial resources in hearing actions already decided and precluding further litigation prevents the waste of additional resources.
CONCLUSION
Sua sponte dismissal of an action for the reason of res judicata is an inherent power of the court which aids the Court in controlling its docket. Such Court action provides for the good of the community by increasing reliance on judicial decisions by rejecting the invitation to create inconsistent judgments. Such ae-tions only aid in the prevention of injustice and promotion of fairness. The case law governing such decisions are in line with the Trial Court’s decision to dismiss and reject any subsequent filings. Res judica-ta is present and the Court was aware of the prior decisions. The Trial Court’s ae~ tion simply prevents the unneeded waste of judicial resources and allows the Court to be used by other litigants, who have not received a final judgment. We hold there has been no abuse of discretion by the Trial Court.
Therefore, the appeal is dismissed with prejudice. The Court of Appeals Clerk is directed to reject any future filings by Appellant which relate to his enrollment.
It is SO ORDERED.

. Rule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action, Blacks Law Dictionary, 6th Ed., 1990.

. Liskowitz v. Astrue, 559 F.3d 736, 743 (7th Cir.2009) (quoting Ludwig Wittgenstein, Philosophical Investigations § 1 (G.E.M. Anscombe trans., 1968)).

. See CTC § 2-2-140 ("judgment shall consist of an order of the Court awarding money damages to be paid to the injured person . ..’’); Waters v. CCT [Waters II], a CCAR 22, 26, 1985 NACC 0000003, ¶ 15 (1985) ("decisions of the Colville Court of Appeal are final for that case. In other words, a party cannot appeal decisions from the Court of Appeals.’’)

. O'Flynn v. Fulfer, 10 CCAR 21, 23 (2009) (contempt power); Seymour v. CCT, 3 CCAR 11, 16, 1995 NACC 0000001, ¶ 34 (1995) (“The Business Council has provided the Court with broad discretion, in the absence of statutory direction, to ‘adopt a process or mode of proceeding’ ... we will not disturb the process or mode of proceeding adopted by the Tribal Court ... unless clear abuse of discretion is shown.’’).

. O'Flynn, 10 CCAR at 23; see also Waters v. CCT [Waters I], 1 CCAR 18, 23, 1985 NACC 0000001, ¶ 25 (1985) (defining abuse of discretion).

. O'Flynn, 10 CCAR at 23 (citing Sonnenberg v. Colville Tribal Ct., 5 CCAR 9, 14, 1999 NACC 0000003, — Am. Tribal Law -, 1999 WL 35016024, ¶ 21 (1999)).

. Zacherle v. CCT, 8 CCAR 70, 73,-Am. Tribal Law -, 2006 WL 6557644 (2006) (quoting Reservation Service v. Albert, No. SC-CV-05-94 (Navajo 03/16/1995)) ("Courts have both the inherent and statutory power to define the procedures to be used by judges, practitioners and the public to implement judicial jurisdiction."); see also O’Flynn, 10 CCAR at 23 (noting contempt power arises from the Court’s inherent powers); Lezard v. CCT, 3 CCAR 4, 6, 1995 NACC 0000010, ¶ 20 (same); In re Spencer, 137 B.R. 506, 511 (B.C., N.D.Okla.1992) (“All courts possess inherent power to protect their jurisdiction and process from abuse.”)

. See Peat, Marwick, Mitchell & Co. v. Superior Court, 200 Cal.App.3d 272, 288, 245 Cal.Rptr. 873 (Cal.Ct.App.1988) (citing Bauguess v. Paine, 22 Cal.3d 626 [635-36], 150 Cal.Rptr. 461, 586 P.2d 942 (1978)). The Bankruptcy Court provides' an eloquent description of the nature of a court's inherent powers:
Such powers need not be specified in each and every statutory' section or subsection under which judicial proceedings may occur—indeed, it has been said that legislatures cannot take away such general powers even if they would attempt to. Whatever may be the case regarding courts at law, certainly courts of equity are empowered (and, in the nature of their jurisdiction, required) to see to it that their process is used in an equitable manner.
In re Spencer, 137 B.R. at 511 (citations omitted).

. This section provides in full:
Means to Carry Jurisdiction Into Effect. When jurisdiction is vested in the Court, all the means necessary to carry into effect are also given and in the exercise to this jurisdiction, if the course of proceeding is not specified in this Code, any suitable process or mode of proceeding may be adopted which appears most conformable to the spirit of Tribal Law.

. Holt v. CCT, 3 CCAR 75, 82, 1997 NACC 0000005, — Am. Tribal Law-, 1997 WL 34719492, ¶ 15 (1997) (“CTC 1.5.05 allows the Tribal Court broad authority to adopt all means necessary to carry it’s jurisdiction into effect, including any suitable process or mode of proceeding consistent with the Spirit of Tribal Law.”).

. George v. George, 1 CCAR 52, 63, 1991 NACC 0000004, ¶ 50 (1991) (discussing the “custom and practice developed over the years in the Tribal Court of tape recording hearing”) Waters IV v. CCT, 4 CCAR 65, 67, 1998 NACC 0000006, - Am. Tribal Law -, 1998 WL 35315092, ¶ 20 (1998) (CTC § 1-1-144 "provides guidance to the Court in exercising its jurisdiction"); Brown v. CCT, 4 CCAR 28, 30, 1997 NACC 0000001, — Am. Tribal Law -, 1997 WL 34719443, ¶ 31 (1997) (same).

. Carden v. Colville Hous. Auth., 1 CCAR 22, 24, — Am. Tribal Law -, 2003 WL 25907731 (2003); see also Colville Enter. Corp. v. Admin. Law Ct., 8 CCAR 11, 15, — Am. Tribal Law —-—, 2005 WL 6462839 (2005) (stating section 1-1-144's purpose is to aid in the proper operation of the courts when they have developed faster than the enactment of applicable statutes).

. Stensgar v. CCT [Stensgar I], 2 CCAR 20, 23, 1993 NACC 0000005, ¶ 31 (1993); Stensgar v. CCT [Stensgar II ], 4 CCAR 45, 47, 1998 NACC 0000010, — Am. Tribal Law -, 1998 WL 35315065, ¶ 26 (1998).

. Carden, 7 CCAR at 24,-Am. Tribal Law at-, 2003 WL 25907731 (“CTC § 1-1-144 .,. allows the judge to develop a process in the absence of a statutory process for matters that come before the Court.’’); Pakootas v. CCT, 4 CCAR 1, 2, 1997 NACC 0000007, — Am. Tribal Law -, 1997 WL 34719439, ¶ 21 (1997) (“this Court finds its Tribal Code and Tribal statutory laws are silent on this matter. Therefore, this Court must rely on CCT [§ 1-1-144]”); but see Zacherle, 8 CCAR at 73, —Am. Tribal Law at ——, 2006 WL 6557644 (2006) (holding the Court had the power to interpret a statute more specifically than provided in a general definitions section).

. CCT v. LaCourse, 1 CCAR 2, 5, 1982 NACC 0000001, ¶ 27 (1982) (“Judges have the sol *192 emn duty and power to ensure fairness and promote justice in all proceedings before them.”); Sonnenberg, 5 CCAR at 13, 1999 NACC 0000003, — Am. Tribal Law at-, 1999 WL 35016024, ¶ 36 ("The judge is a tribal leader, who must make day-to-day decisions for the good of the whole community, while at the same time maintaining the integrity of the case for those individuals before him.”).

. Stensgar II, 4 CCAR at 48, 1998 NACC 0000010, — Am. Tribal Law at -, 1998 WL 35315065, ¶ 30 ("a mandate once issued by our Court will not be recalled except for good cause shown, an appellate court has power to set aside at any time a mandate that was procured by fraud, or to act to prevent an injustice, or to preserve the integrity of the judicial process.”); see also Sonnenberg, 5 CCAR at 13, 1999 NACC 0000003, — Am. Tribal Law at-, 1999 WL 35016024, ¶ 39 (“It is incumbent upon the tribal judges and justices to sustain the attitude of trust and respect in their leadership role in the Indian community in order to maintain the community’s confidence in the court system,”).

. Pakootas, 4 CCAR at 2, 1997 NACC 0000007, - Am. Tribal Law at -, 1997 WL 34719439,1121.

. Socula v. CCT, 10 CCAR 33, 39, 9 Am. Tribal Law 129 (2010) ("the Trial Court must be ever vigilant in protecting the rights of litigants before it, and proceed objectively and fairly in every case, no matter how minor”) (finding a due process violation when the Trial Court’s decision denying a new hearing was based on personal knowledge depriving the defendant of proper notice).

. See Holt, 3 CCAR at 82, 1997 NACC 0000005, — Am. Tribal Law at -, 1997 WL 34719492, ¶ 15 (finding grant of broad authority).

. See Stensgar II, 4 CCAR at 48, 1998 NACC 0000010, — Am. Tribal Law at -, 1998 WL 35315065, ¶ 30; Sonnenberg, 5 CCAR at 13, 1999 NACC 0000003, — Am. Tribal Law at -, 1999 WL 35016024, ¶ 39 (“It is incumbent upon the tribal judges and justices to sustain the attitude of trust and respect in their leadership role in the Indian community in order to maintain the community's confidence in the court system.”).

. See, e.g., CBC v. George, 1 CCAR 15, 20, 1984 NACC 0000002, ¶ 28 (1984) (discussing res judicata); In Re L.S., 3 CCAR 72(2), 80-81, 1997 NACC 0000008, — Am. Tribal Law -, 1997 WL 34719491, ¶ 16 (1997) (finding trial court decision regarding termination of parental rights could not be used as res judi-cata); CCT v. Swan, 7 CCAR 37, 39, 2003 NACC 0000012, — Am. Tribal Law -, 2003 WL 25907782, ¶ 28 (2003) (finding dismissal with prejudice has "full res judicata ... effect”).

. Colville Tribal Credit v. Antone, 10 CCAR 3, 7 (2009) (quoting Hisle v. Todd Pac. Shipyards Corp., 113 Wash.App. 401, 410, 54 P.3d 687 (2002)).

. United States v. Sioux Nation, 448 U.S. 371, 432-33, 100 S.Ct. 2716, 65 L.Ed.2d 844 (1980) (Rehnquist, J., dissenting) (citing Warthen v. United States, 157 Ct.Cl. 798, 800, 1962 WL 9259 (1962)).

. Id.

. Montana v. United States, 440 U.S. 147, 153-54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979) (citations omitted).

. Id.; see also Peabody Western Coal Co. v. Navajo Nation Labor Commission, No. SC-CV-14-03, ¶¶ 30-31 (Nav.Sup.Ct.-) (listing the efficiency in administration; conservation of resources; prevention of inconsistency; preservation of final judgments; and promotion of fairness as the underlying policies).

. See Sioux Nation, 448 U.S. at 432-33, 100 S.Ct. 2716 (Rehnquist, J., dissenting).

. See Montana, 440 U.S. at 153-54, 99 S.Ct. 970.

. See Chambers v. NASCO, Inc., 501 U.S. 32, 44-45, 111 S.Ct. 2123, 115 L.Ed.2d 27,(1991) (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 765, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980)) ("A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process.... [Ojutright dismissal of a lawsuit ... is a particularly severe sanction, yet is within the court’s discretion.”).

. Campbell v. CCT, 8 CCAR 28, 30, — Am. Tribal Law —, 2005 WL 6462800 (2003) *194 (sua sponte dismissal without prejudice) (collecting cases); CCT v. Swan, 7 CCAR 37, 2003 NACC 0000012, — Am. Tribal Law -, 2003 WL 25907782 (2003) (sua sponte dismissal with prejudice without adjudication on the merits); CCT v. Jack, 7 CCAR 33, 2003 NACC 0000010, - Am. Tribal Law -, 2003 WL 25907718 (2003) (sua sponte dismissal with prejudice within power if jeopardy attached or because of parties bad faith); Stensgar 1 v. CCT, 2 CCAR 20, 1993 NACC 0000005 (1993) (dismissal with prejudice because sentencing took place more than sixty days after guilty finding).

. Campbell v. CCT, 8 CCAR 28, 32, — Am. Tribal Law -, 2005 WL 6462800 (2003).

. See supra note 29.

. See supra note 29.

. Campbell, 8 CCAR at 30, - Am. Tribal Law at-, 2005 WL 6462800.

. Campbell, 8 CCAR at 30, — Am. Tribal Law at-, 2005 WL 6462800 (quoting United States v. Taylor, 487 U.S. 326, 336, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988)).

. Arizona, 530 U.S. at 412, 120 S.Ct. 2304 (internal quotations omitted) (quoting United States v. Sioux Nation, 448 U.S. 371, 432, 100 S.Ct. 2716, 65 L.Ed.2d 844 (1980) (Rehnquist, J., dissenting)); see also Ray v. Kertes, 285 F.3d 287, 293 n. 5 (3rd Cir.2002) (noting a court’s "inherent power to dismiss sua sponte a complaint which facially violates a bar to suit’’); Stearn v. Dept. of Navy, 280 F.3d 1376, 1380-81 (Fed.Cir.2002); Hicks v. Holland, 235 F.2d 183, 183 (6th Cir.1956) (finding lower court "properly dismissed the complaint” because the court records "show that a complaint covering the same subject matter and parties had been dismissed"); Hedger Transp. Corp. v. Ira S. Bushey & Sons, 186 F.2d 236, 237 (2nd Cir.1951) ("Recognizing the identity of issues and parties, the district judge dismissed the complaint on the ground that the previous judgment of dismissal was res judicata. We agree.").

. Arizona, 530 U.S. at 412, 120 S.Ct. 2304.

. Id. at 412-13, 120 S.Ct. 2304; Stearn, 280 F.3d at 1380-81.